IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Lynn MORRISSEY, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Lynn MORRISSEY, Respondent.

Supreme Court

*No. 04–1869–D. Decided January 14, 2005.*

2005 WI 2

(Also reported in 691 N.W.2d 634.)

¶ 1. PER CURIAM.   We review the recommendation of the referee, John A. Fiorenza, that Attorney Lynn Morrissey's license to practice law in Wisconsin be suspended for 60 days for professional misconduct. The misconduct at issue consisted of Attorney Morrissey's handling of two client matters. In the first case the misconduct involved representing that a satisfaction of lien would not be filed until payment of the lien amount was mailed to the person entitled to the money and by receiving and filing the satisfaction of lien prior to remitting payment. In the second case the misconduct involved failing to file acceptable findings of fact, conclusions of law and a judgment in a divorce action with reasonable promptness. The referee recommended that Attorney Morrissey's license be suspended for 60 days.

¶ 2.   We determine that the seriousness of Attorney Morrissey's professional misconduct warrants a suspension of her license to practice law for 60 days. We further agree with the referee that Attorney Morrissey should pay the costs of this proceeding.

¶ 3.   Attorney Morrissey was admitted to practice law in Wisconsin in 1995. On October 19, 2004, her license to practice law was temporarily suspended due to her failure to respond or cooperate with the Office of Lawyer Regulation's (OLR) investigation into griev-

ances that had been filed against her. Those grievances do not involve the conduct at issue here. Her license remains suspended.

¶ 4. The complaint filed by the OLR in this action alleged that in March of 2001 Attorney Morrissey was retained to represent a client in the sale of real estate in Washington County. The real estate was subject to division in a Colorado divorce action. The divorce order provided that the client's former wife had a lien of $60,000 and a 50 percent interest in any value in excess of $100,000 in real estate the couple owned in Wisconsin.

¶ 5. Attorney Morrissey wrote to the client's former wife arranging for the closing and the sale of the real estate. In June 2001 Attorney Morrissey wrote to the former wife's attorney proposing that Attorney Morrissey prepare a satisfaction of lien for $60,000. Attorney Morrissey advised the other attorney that after he obtained his client's signature on the satisfaction of lien he should forward it to the title company to hold until the closing, at which time the title company could mail his client her check.

¶ 6. In July 2001 Attorney Morrissey sent the draft satisfaction of lien to her client's former wife and requested she sign it and return it. Attorney Morrissey assured the client's former wife that the satisfaction would not be recorded until the $60,000 check had been sent. The client's former wife signed the satisfaction and sent it to Attorney Morrissey in reliance on the representation that the satisfaction would not be filed until payment had been made.

¶ 7. Attorney Morrissey recorded the satisfaction on April 16, 2002. On May 16, 2002, Attorney Morrissey's client signed a land contract for the sale of the property. On June 18, 2002, Attorney Morrissey's

client signed a closing statement which indicated a disbursement to him of $92,580.39 and no disbursement to his former wife. The land contract was recorded on July 3, 2002. On July 16, 2002, the bank disbursed proceeds of the sale by way of a check to Attorney Morrissey's law office in the amount of $2,807.20 and a check to Attorney Morrissey's client in the amount of $89,773.19.

¶ 8. On August 6, 2002, the attorney representing Attorney Morrissey's client's former wife requested a copy of the closing statement, which Attorney Morrissey provided. On March 5, 2003, the attorney for the client's former wife wrote to Attorney Morrissey requesting the $60,000.

¶ 9. On October 16, 2003, the OLR requested Attorney Morrissey's response to a grievance filed by her client's former wife. Attorney Morrissey failed to respond to that request and two other requests.

¶ 10. The OLR's complaint also alleged that Attorney Morrissey engaged in professional misconduct with respect to her handling of a divorce action for a client. The second client retained Attorney Morrissey on April 8, 2002. The final hearing was held in the divorce on May 5, 2003. At the time of the hearing the court directed Attorney Morrissey to file findings of fact, conclusions of law and a judgment. The findings filed were deemed insufficient and on July 15, 2003, a family court commissioner clerk faxed Attorney Morrissey a list of provisions for inclusion in the findings. On September 18, 2003, Attorney Morrissey was again faxed a list of mandatory provisions to be included in the findings. On November 1, 2003, because Attorney Morrissey had failed to file the findings, the clerk forwarded the file to the court to calendar an order to show cause hearing.

¶ 11.   On November 5, 2003, the guardian ad litem in the case wrote a letter to the court, with a copy to Attorney Morrissey, regarding Attorney Morrissey's failure to have signed findings, conclusions and a judgment on file. In her letter the guardian ad litem said the failure to file these documents was exacerbating disputes between the parties.

¶ 12.   The trial court set the order to show cause hearing for December 1, 2003. Attorney Morrissey failed to appear. The court continued the hearing to December 12, 2003, and had Attorney Morrissey served with notice of the hearing. Although Attorney Morrissey again failed to appear at the December 12 hearing, she did call the court to advise she was ill and could not attend. The court continued the hearing until December 22, 2003.

¶ 13.   Attorney Morrissey submitted the completed findings on December 22, 2003, more than seven months after the final divorce hearing and five months after the clerk had first faxed her a list of the missing provisions. The court signed the findings, conclusion and judgment on January 7, 2004.

¶ 14.   In early January 2004 the OLR requested Attorney Morrissey to respond to questions relating to the second client's grievance. Attorney Morrissey failed to respond. In March of 2004, after ordering Attorney Morrissey to show cause in the matter and after her failure to do so, this court temporarily suspended her license. Her license was subsequently reinstated after she belatedly filed a written response to the second client's grievance. As noted above, her license to practice law was again temporarily suspended on October 19, 2004, when she failed to respond to the OLR's inquiries about other grievances.

299

¶ 15.   Attorney Morrissey did not file an answer to the OLR's complaint or otherwise make any appearance in the case. The OLR filed a notice of motion and motion for default judgment. Attorney Morrissey filed no response to the motion. On October 12, 2004, the referee granted the OLR's motion for default judgment and issued a decision in the case.

¶ 16.   The referee found that by representing to the first client's former wife that the satisfaction of lien would not be filed until payment of the lien amount was mailed and by receiving and filing the satisfaction of lien prior to remitting payment and by failing to include or provide for payment of the lien from the proceeds of the sale Attorney Morrissey engaged in conduct involving dishonesty, fraud, deceit and misrepresentation, in violation of SCR 20:8.4(c).[1]

¶ 17.   The referee also found that by failing to file acceptable findings of fact, conclusions of law and a judgment in the second client's divorce with reasonable promptness, Attorney Morrissey violated SCR 20:1.3.[2] In addition, the referee found that by willfully failing to respond to the OLR's request for written responses to the two grievances, Attorney Morrissey violated SCR 22.03(2)[3],

---

[1] SCR 20:8.4(c) provides:   "It is professional misconduct for a lawyer to:   (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[2] SCR 20:1.3 provides:   "A lawyer shall act with reasonable diligence and promptness in representing a client."

[3] SCR 22.03(2) provides:

(2) Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20

SCR 22.03(6)[4] and SCR 20:8.4(f)[5]. The referee recommended that Attorney Morrissey's license be suspended for 60 days and that she be assessed the costs of the proceeding.

¶ 18.  A referee's findings of fact on a disciplinary matter will not be set aside unless they are clearly erroneous. *In re Disciplinary Proceedings Against Sosnay*, 209 Wis. 2d 241, 243, 562 N.W.2d 137 (1997). Conclusions of law are reviewed de novo. *In re Disciplinary Proceedings Against Carroll*, 2000 WI 130, ¶ 29, 248 Wis. 2d 662, 636 N.W.2d 718. Since the referee's findings of fact have not been shown to be clearly erroneous, we adopt them.

¶ 19.  We also conclude, as did the referee, that the seriousness of Attorney Morrissey's misconduct warrants the suspension of her license to practice law in Wisconsin for 60 days. Finally, we agree with the referee that Attorney Morrissey should be required to pay the costs of this proceeding.

---

days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[4] SCR 22.03(6) provides:  "(6) In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

[5] SCR 20:8.4(f) provides:  "It is professional misconduct for a lawyer to:  (f) violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

¶ 20.  IT IS ORDERED that the license of Attorney Lynn Morrissey to practice law in Wisconsin is suspended for 60 days, effective the date of this order.

¶ 21.  IT IS FURTHER ORDERED that within 60 days of the date of this order, Attorney Lynn Morrissey pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid with the time specified and absent a showing to this court of her inability to pay the costs within that time, the license of Attorney Lynn Morrissey to practice law in Wisconsin shall remain suspended until further order of the court.