In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Lynn E. MORRISSEY, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Lynn E. MORRISSEY, Respondent.

Supreme Court

*No. 2005AP255–D. Decided December 20, 2005.*

2005 WI 169

(Also reported in 707 N.W.2d 142.)

¶ 1. PER CURIAM. We review a stipulation filed by Attorney Lynn Morrissey and the Office of Lawyer Regulation (OLR) pursuant to SCR 22.12 regarding Attorney Morissey's professional misconduct in connection with several client matters. Referee Stanley Hack reviewed the stipulation and issued a report recommending the same level of discipline to which the parties had stipulated, a six-month suspension of Attorney Morrissey's license to practice law in Wisconsin. In addition, the referee recommended that Attorney Morrissey be ordered to pay the costs of the disciplinary proceeding, which are $1868.03 as of September 19, 2005.

¶ 2. We approve the stipulation and adopt the stipulated findings of fact and conclusions of law. We agree with the referee's conclusion that Attorney Morrissey's professional misconduct warrants a six-month suspension of her license to practice law in Wisconsin, and we further order Attorney Morrissey to pay the costs of this proceeding.

¶ 3. Attorney Morrissey was admitted to practice law in Wisconsin in 1995. On October 19, 2004 her license was suspended for failure to cooperate with several OLR grievance investigations concerning her conduct. On January 14, 2005 her license to practice was suspended for 60 days for professional misconduct in two other client matters. *See In re Disciplinary Proceedings Against Morrissey,* 2005 WI 2, 277 Wis. 2d 295, 691 N.W.2d 634. Her license remains under suspension.

¶ 4. On January 26, 2005 the OLR filed a complaint against Attorney Morrissey alleging eleven

580

counts of misconduct in connection with four client matters. The matter was scheduled for a hearing before the referee when the parties executed the stipulation now before the court.

¶ 5. The referee made findings consistent with the stipulation relating to Attorney Morrissey's handling of a divorce matter on behalf of her client, D.B. Attorney Morrissey failed to satisfy the statutory obligation to prepare and file written Findings of Fact, Conclusions of Law and Judgment of Divorce, despite efforts by her client and opposing counsel to induce her to do so. Eventually, opposing counsel prepared the document at a cost of $378 to his client who, in turn, sought payment from D.B. D.B. filed a grievance against Attorney Morrissey with the OLR.

¶ 6. Attorney Morrissey subsequently failed to respond to the grievance filed against her in connection with this matter and her license to practice law was temporarily suspended as a result.

¶ 7. The parties also stipulated to and the referee made findings regarding Attorney Morrissey's handling of a social security matter involving her client, T.H. At a June 20, 2002 administrative hearing the presiding administrative law judge indicated he was prepared to rule on the matter. Attorney Morrissey, however, requested the judge keep the record open for 30 days to permit her to submit additional evidence. The judge agreed, but Attorney Morrissey failed to submit any additional information. Eventually, a favorable decision was rendered in favor of Attorney Morrissey's client.

¶ 8. The parties then disputed whether Attorney Morrissey had properly filed a copy of the parties' fee agreement with the Social Security Administration, which provided that Attorney Morrissey was entitled to recover $4000 in fees. Because there was no fee agree-

ment on file, $4629 was withheld from T.H.'s award. When T.H. filed a grievance against Attorney Morrissey some two years later, he was still waiting to recover $629 to which he was entitled, despite numerous efforts to resolve the matter with Attorney Morrissey. Eventually, after Attorney Morrissey failed to respond to repeated inquiries regarding the matter, the entire $4629 was awarded to T.H.

¶ 9. Attorney Morrissey also failed to respond to inquiries from the OLR regarding the T.H. grievance. Her license to practice law was temporarily suspended for failure to respond in this matter.

¶ 10. The stipulation also provided and the referee made findings regarding Attorney Morrissey's representation of E.R-B. regarding the probate of E.R-B.'s late husband's estate. E.R-B. gave Attorney Morrissey certain original documents, including her husband's will. Attorney Morrissey allegedly failed to make copies of these documents and failed to take any action in the matter. Eventually, Attorney Morrissey informed E.R-B. that she was too ill to handle the representation. However, E.R-B. testified that Attorney Morrissey never returned the documents to E.R-B. Attorney Morrissey maintained that she had mailed them and later agreed to check her files but no follow-up information was ever provided to either E.R-B. or to the OLR. Attorney Morrissey also failed to respond to follow-up inquiries from the OLR relating to the grievance filed by E.R-B. Attorney Morrissey's license to practice law was suspended for failure to respond to these inquiries.

¶ 11. The stipulation also provided and the referee made factual findings regarding Attorney Morrissey's representation of D.H., the personal representative of the L.H.K. estate. The will and application for informal probate was filed May 22, 2002. However,

Attorney Morrissey failed to file a final account with the probate court and subsequently failed to respond to orders to show cause issued by the court directing her to file certain fiduciary tax returns and other information. It appears she arranged disbursement of all funds from the estate and arranged for a payment of her own legal fees without having filed a final account.

¶ 12. Eventually, after ignoring repeated requests for information, Attorney Morrissey was found in contempt by the court for failing to respond to court orders and was directed to surrender her file to the court for reassignment to another attorney or face a $100 per day sanction. Attorney Morrissey did not respond and later claimed she had not received the court's order.

¶ 13. Further investigation revealed additional problems with the estate that had to be corrected at a cost to the estate of $345. The estate was finally closed on October 4, 2004.

¶ 14. Attorney Morrissey initially cooperated with the OLR's inquiries regarding this matter, but then failed to respond to follow-up inquiries. Her license to practice law was temporarily suspended as a result of her failure to respond in this matter.

¶ 15. Attorney Morrissey pleaded no contest to each of the eleven charges alleged by the OLR. The stipulation provided and the referee concluded that by failing to timely draft and file statutorily required Findings of Fact, Conclusions of Law and Judgment of Divorce in the D.B. matter, Attorney Morrissey failed to act with reasonable diligence and promptness in representing her client, in violation of SCR 20:1.3.[1]

---

[1] SCR 20:1.3 provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

¶ 16. The stipulation provided and the referee concluded that by failing to respond to two OLR requests for a written response to the D.B. grievance, as well as to the court's order to show cause, Attorney Morrissey failed to cooperate with an OLR investigation, in violation of SCR 22.03(2).[2]

¶ 17. The stipulation provided and the referee concluded that by requesting that her client's social security disability hearing be held open for 30 days in order to submit further evidence, but failing to submit any further evidence or otherwise contact the administrative law judge thereafter, and by subsequently failing to file a fee petition which held up disbursement of $629 of her client's funds for almost two years, Attorney Morrissey failed to act with reasonable diligence and promptness in the representation of her client, in violation of SCR 20:1.3.

¶ 18. The stipulation provided and the referee concluded that by failing to provide any response to T.H.'s grievance despite the OLR's requests, Attorney Morrissey failed to cooperate with an OLR grievance investigation into her conduct, in violation of SCR 22.03(2).

---

[2] SCR 22.03(2) provides: Investigation.

(2) Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

¶ 19. The stipulation provided and the referee concluded that by failing to return original documents to E.R-B., including her late husband's original will after telling E.R-B. that she could not represent her, Attorney Morrissey failed, upon termination of the representation, to surrender papers and property to which her client was entitled, in violation of SCR 20:1.16(d).[3]

¶ 20. The stipulation provided and the referee concluded that by failing to respond to E.R-B.'s telephone calls regarding the return of documents that were left with Attorney Morrissey in the course of an attorney-client relationship, Attorney Morrissey failed to comply with reasonable requests for information, in violation of SCR 20:1.4(a).[4]

¶ 21. The stipulation provided and the referee concluded that by failing to provide any response to E.R-B.'s grievance despite the OLR requests, Attorney Morrissey failed to cooperate with an OLR grievance investigation, in violation of SCR 22.03(2).

¶ 22. The stipulation provided and the referee concluded that by failing to conclude probate of the L.H.K. estate, including a failure to file fiduciary in-

[3] SCR 20:1.16(d) provides: Declining or terminating representation.

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

[4] SCR 20:1.4(a) provides that "[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

585

come tax returns, Attorney Morrissey failed to act with reasonable diligence and promptness on behalf of a client, in violation of SCR 20:1.3.

¶ 23. The stipulation provided and the referee concluded that by telling the probate court that she would produce evidence of mailing fiduciary income tax returns, but failing to do so; by failing to "re-send" by certified mail copies of tax returns as she had told the court she would do; by failing to file a report with the court within 30 days as ordered; by failing to appear at an order to show cause hearing resulting in a contempt of court filing; and, by failing to turn over her file as ordered by the court, Attorney Morrissey knowingly disobeyed obligations under the rules of a tribunal, in violation of SCR 20:3.4(c).[5]

¶ 24. The stipulation provided and the referee concluded that by failing to turn over the file and refund any advance fee that had not been earned, Attorney Morrissey failed to surrender papers and property to which the client is entitled and refund any advance payment of fee that has not been earned, in violation of SCR 20:1.16(d).

¶ 25. Finally, the stipulation provided and the referee concluded that by failing to respond to an OLR request for further investigative information, Attorney Morrissey failed to cooperate with an OLR investigation into her conduct, in violation of SCR 22.03(6).[6]

---

[5] SCR 20:3.4(c) provides that a lawyer shall not "knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists."

[6] SCR 22.03(6) provides that "[i]n the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and

¶ 26. The parties' stipulation states that Attorney Morrissey entered pleas of "no contest" to each of the charges levied against her. The referee noted that Attorney Morrissey had stated that health concerns affected her ability to practice law, as well as her ability to respond to the OLR. Attorney Morrissey stated these health concerns eventually caused her to close her law practice. However, the referee noted that Attorney Morrissey provided no medical documentation to substantiate her assertion.

¶ 27. As noted above, the referee issued a report incorporating the stipulation and adopting the recommended six-month suspension as well as the recommendation that Attorney Morrissey pay the costs of the proceeding. The stipulation and the referee's report recite the necessary factors, indicating that Attorney Morrissey concedes she cannot defend against the charges, and stating that the stipulated discipline is not the result of a plea bargain.

¶ 28. We adopt the findings of fact and conclusions of law to which the parties have stipulated, and as adopted by the referee. We agree that the seriousness of Attorney Morrissey's misconduct warrants the suspension of her license to practice law for six months. We further agree that she should be required to pay the costs of this proceeding.

¶ 29. IT IS ORDERED that the license of Lynn E. Morrissey to practice law in Wisconsin is suspended for a period of six months, effective the date of this order.

¶ 30. IT IS FURTHER ORDERED that if she has not already done so, Attorney Morrissey shall comply

the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶ 31. IT IS FURTHER ORDERED that within 60 days of the date of this order Lynn E. Morrissey shall pay to the Office of Lawyer Regulation the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of her inability to pay those costs within that time, the license of Attorney Lynn Morrissey to practice law in Wisconsin shall remain suspended until further order of the court.