IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Terrence J. WOODS, Attorney at Law.

Supreme Court

*No. 97–1385–D. Filed February 24, 1998.*

(Also reported in 573 N.W.2d 838.)

¶ 1. PER CURIAM. We review the recommendation of the referee that the license of Attorney Terrence J. Woods to practice law in Wisconsin be suspended for 60 days as discipline for professional misconduct. That misconduct consisted of failing to keep a client reasonably informed of the status of a matter, promptly comply with reasonable requests for information, and surrender property to which the client was entitled; failing to act with reasonable diligence and comply promptly with a client's reasonable requests for information in another matter and initially failing to cooperate with the investigation of the Board of Attorneys Professional Responsibility (Board) into it and making a misrepresentation in a disclosure to the Board; and failing to act with reasonable diligence on another client's behalf and to cooperate with the Board's investigation into the matter.

¶ 2. We determine that the recommended 60-day license suspension is the appropriate discipline to impose for Attorney Woods' professional misconduct established in this proceeding. This is the third time Attorney Woods is being disciplined for misconduct. That fact, together with the seriousness and extent of his misconduct considered here, warrants the suspension of his license for the minimum period.

¶ 3. Attorney Woods was admitted to practice law in Wisconsin in 1965 and practices in Oconto Falls. He has been disciplined for professional misconduct twice previously. In March, 1993, he consented to a public reprimand from the Board for failing to pursue properly the representation of two clients in criminal matters, including never filing a notice of intent to seek postconviction relief or otherwise pursue an appeal and failing to respond to numerous inquiries from the client and two from the Public Defender's office that had

138

appointed him in the matter. In January, 1996, he consented to a private reprimand from the Board as discipline for consenting to a settlement of a client's case on the record without first having discussed the proposed settlement terms with the client and obtaining her consent to accept the settlement and failing to provide the client information in the matter and return to her documents and property to which she was entitled. The referee in the instant proceeding, Timothy L. Vocke, reserve judge, made findings of fact to which the parties had stipulated concerning Attorney Woods' conduct in three matters.

¶ 4. The first matter concerned the representation of a client on a claim of mistreatment while in jail. Attorney Woods requested an advance payment of $500 toward his fees, and the client's mother sent him $300. He filed a notice of claim on the client's behalf November 10, 1993, identifying himself as the client's lawyer, but thereafter, the only contact he had with the client was in February, 1994, when he visited the client in jail. After obtaining the client's medical records from several healthcare providers, Attorney Woods received a letter in August, 1994 from the prospective defendant stating that the claim was denied. Attorney Woods did nothing further on the case, did not respond to a number of letters from the client requesting information about its status, and did not return the $300 fee payment or give the client his file, as requested. The referee concluded that Attorney Woods failed to keep the client reasonably informed of the status of his matter and promptly comply with reasonable requests for information, in violation of SCR 20:1.4(a),[1] and failed

---

[1] SCR 20:1.4 provides, in pertinent part:

**Communication**

to surrender property to which the client was entitled, in violation of SCR 20:1.16(d).[2]

¶ 5. In the second matter, Attorney Woods was retained by a client to appeal a criminal conviction. The State Public Defender's office had obtained an extension of time to file a notice of intent to seek postconviction relief, as the original notice filed by trial counsel was not timely and a subsequent notice was technically defective. After the SPD obtained his release on bond pending appeal, the client asked Attorney Woods to appeal on the ground that at sentencing the prosecutor had breached a plea agreement by arguing for a one-year jail sentence when, according to the client, the prosecutor had agreed to argue for no more than six months in jail.

¶ 6. When Attorney Woods failed to file the appellant's brief by the due date, the Court of Appeals sent him a delinquency notice. Attorney Woods then filed a motion for a 14-day extension, claiming an extremely heavy trial caseload as the reason for the delay in filing the brief. The Court of Appeals granted the motion but sent a second delinquency notice when it did not receive the brief by the extended due date. On

---

(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

[2] SCR 20:1.16 provides, in pertinent part:

**Declining or terminating representation**

. . .

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

April 30, 1996, the Court of Appeals dismissed the appeal for Attorney Woods' failure to file the brief. The referee concluded that Attorney Woods failed to act with reasonable diligence in this matter, in violation of SCR 20:1.3.[3]

¶ 7.   After the Court of Appeals referred this matter to the Board, Attorney Woods responded to the initial request for information from the Board's investigator that the client was "unlocatable" during a portion of the appellate process and that when he was located, he expressed the desire not to have the appeal pursued. Attorney Woods did not respond to the Board investigator's subsequent letter asking for particulars in respect to the information Attorney Woods had provided. He also did not respond to a request for the same information from the district professional responsibility committee investigator, to whom the Board referred the matter. He did not respond to a second request or return several telephone calls from the investigator, who ultimately served him with a notice to appear and examined him under oath in October, 1996.

¶ 8.   Attorney Woods was unable to produce a letter of retainer or any other document describing the agreement between himself and the client regarding the scope or duration of the appellate representation. He told the committee investigator that the client retained him to commence an appeal in order to be out on bond for the remainder of the summer and that once that objective had been accomplished, he expected to confer further with the client concerning whether he wanted to proceed with the appeal. He said he lost

---

[3] SCR 20:1.3 provides:

**Diligence**
    A lawyer shall act with reasonable diligence and promptness in representing a client.

track of the client in the winter of 1995 and wrote to him in December of that year asking him to come in for a conference about the appeal but received no response. He said his staff attempted repeatedly to call the client in January and February of 1996 but were unsuccessful in reaching him. The only evidence in Attorney Woods' file of any attempt to contact the client was a copy of a letter dated December, 1995; there was no record of any attempted telephone contacts or copies of any cover letters or other documents indicating that Attorney Woods had forwarded court documents to the client. Attorney Woods told the investigator that as he never received further instructions from the client, he allowed the time for appeal to lapse.

¶ 9.   The client had no recollection of any communications from Attorney Woods except for the December, 1995 letter until after the appeal had been dismissed. The client stated that while he had told Attorney Woods he wanted to remain free on bond for the summer, he also said he wanted him to pursue the appeal to its conclusion, believing that if he prevailed, his sentence would be reduced from one year to six months. The referee concluded that Attorney Woods initially failed to cooperate with the Board's investigation, in violation of SCR 21.03(4)[4] and 22.07(3),[5] by not

---

[4] SCR 21.03 provides, in pertinent part:

**General principles.**

. . .

(4)   Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

[5] SCR 22.07 provides, in pertinent part:

**Investigation.**

. . .

142

responding to requests for information and that he made a misrepresentation in a disclosure to the Board, in violation of SCR 22.07(2),[6] by his statements regarding his attempts to contact the client.

¶ 10. The third matter concerned Attorney Woods' representation of a client who retained him in a dispute with an auto dealership concerning a used car. In early October, 1994, Attorney Woods wrote the dealership stating the client's position that the car had a diminished value by virtue of having been in an accident that had not been disclosed. The dealer denied any knowledge of a prior accident and stated that the client could have had the vehicle inspected by an expert before buying it. Attorney Woods told the client the dealer's position, and when he stated that the next step was to file a small claims action, the client gave him permission to do so.

(3)   The administrator or committee may compel the respondent to answer questions, furnish documents and present any information deemed relevant to the investigation. Failure of the respondent to answer questions, furnish documents or present relevant information is misconduct. The administrator or a committee may compel any other person to produce pertinent books, papers and documents under SCR 22.22.

[6] SCR 22.07 provides, in pertinent part:

**Investigation.**

. . .

(2)   During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further recommendation to the board.

¶ 11.   Thereafter, Attorney Woods took no further action in the client's matter. He did not respond to four telephone calls from her, and when he encountered her by chance, he told her he was taking care of it. After that encounter, the client heard nothing more from him. He did not respond to the client's September, 1995 letter expressing dissatisfaction with his representation.

¶ 12.   After the client filed a grievance with the Board, Attorney Woods did not respond to a letter from the Board's investigator asking for information concerning the matter. He also did not respond timely to a second request for information, although he ultimately responded some two weeks after the time specified for his response.

¶ 13.   The referee concluded that Attorney Woods failed to act with reasonable diligence on this client's behalf, in violation of SCR 20:1.3, and did not comply promptly with her reasonable requests for information, in violation of SCR 20:1.4(a). In addition, he did not cooperate with the Board's investigation, in violation of SCR 22.07(2).

¶ 14.   In determining discipline to recommend for Attorney Woods' misconduct, the referee considered as mitigating factors that Attorney Woods received no fee from the client in the used car matter and that the statute of limitations had not expired on that client's claim, that the money he received from the client in the appellate matter was used for his actual out-of-pocket expenses, and that there would have been no merit to filing an action on the client's claim of mistreatment while in jail. The referee considered more significant, however, the following factors in aggravation of the seriousness of Attorney Woods' misconduct and the discipline to be imposed for it. Attorney Woods engaged in

multiple rule violations, he was disciplined twice previously, and he made a misrepresentation to the Board in the course of failing to cooperate with its investigation. On the basis of those mitigating and aggravating factors, the referee recommended a 60-day license suspension, the discipline to which the parties agreed in the course of the proceeding.

¶ 15.　We adopt the referee's findings of fact and conclusions of law and determine that the recommended 60-day license suspension is the appropriate discipline to impose for Attorney Woods' professional misconduct. In addition, we require that he pay the costs of the disciplinary proceeding, as the referee recommended.

¶ 16.　IT IS ORDERED that the license of Terrence J. Woods to practice law in Wisconsin is suspended for 60 days, commencing April 7, 1998.

¶ 17.　IT IS FURTHER ORDERED that within 60 days of the date of this order, Terrence J. Woods pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Terrence J. Woods to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 18.　IT IS FURTHER ORDERED that Terrence J. Woods comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.