In the Matter of Disciplinary Proceedings Against
Terrence J. Woods, Attorney at Law:

Office of Lawyer Regulation, Complainant,

v.

Terrence J. Woods, Respondent.

Supreme Court

*No. 2007AP2270–D. Decided July 8, 2008.*

2008 WI 79

(Also reported in 751 N.W.2d 840.)

 

¶ 1. PER CURIAM. We review the report of the referee, John Murphy, recommending the court suspend Attorney Terrence Woods' license to practice law for a period of ninety (90) days for professional misconduct committed in the context of a bankruptcy proceeding and a divorce proceeding. No appeal has been filed.

¶ 2. We approve and adopt the referee's findings of fact and conclusions of law. We conclude that the seriousness of Attorney Woods' misconduct warrants a 90–day license suspension. We impose the entire cost of this disciplinary proceeding and restitution as recommended by the referee.

¶ 3. Attorney Woods has been licensed to practice law in Wisconsin since 1965. He has been subject to a number of previous disciplinary proceedings. In March of 1993 Attorney Woods received a public reprimand for failing to properly pursue an appeal on behalf of two criminal defendants. *See* Public Reprimand of Terrence J. Woods, 1993–2. In January 1996 Attorney Woods consented to a private reprimand for settling a case without his client's knowledge or consent and for refusing to return documents and property belonging to his client. *See* Private Reprimand of Terrence J. Woods, 1996–1.

¶ 4. In February of 1998 this court suspended Attorney Woods for 60 days for misconduct that included failure to keep his clients informed of the status of their respective matters, failure to return property, failure to act with reasonable diligence in pursuing his

clients' interests, failure to communicate with his clients, and failure to cooperate with the board's investigation into his misconduct. *See In re Disciplinary Proceedings Against Woods,* 216 Wis. 2d 137, 573 N.W.2d 838 (1998).

¶ 5. In September of 1998 Attorney Woods was again suspended for 60 days for failure to act diligently on his client's behalf and failure to properly inform his client of the status of the case. *See In re Disciplinary Proceedings Against Woods,* 221 Wis. 2d 230, 583 N.W.2d 650 (1998).

¶ 6. In August of 2003 Attorney Woods received a public reprimand for misconduct committed in connection with two cases. One involved a possible small claims action over unpaid vacation compensation. Attorney Woods failed to properly pursue the matter and keep his client informed as to the status of the case. Attorney Woods also failed to communicate the basis of his fees or reduce a contingency fee to writing. In the second case, Attorney Woods failed to inform his client that he would not pursue a worker's compensation claim on her behalf after leading her to believe that he would pursue the claim. The client in this case stated that Attorney Woods did not communicate with her for four years regarding her compensation claim. *See* Public Reprimand of Terrence J. Woods, 2003–11.

¶ 7. The disciplinary complaint now before us involves allegations that Attorney Woods mishandled bankruptcy and divorce proceedings involving the same clients, D.M. and R.M.

¶ 8. Attorney Woods was retained to represent D.M. in a divorce proceeding initiated by her husband, R.M. This action was dismissed and D.M. later filed her own divorce petition, again represented by Attorney Woods. That matter was also dismissed.

¶ 9. On July 20, 2006, Attorney Woods filed a joint bankruptcy petition on behalf of both D.M. and R.M., without obtaining consents from either of them. He subsequently failed to tell either client that an objection to the bankruptcy plan had been filed, or that the court had ordered him to file an amended plan and budget in the bankruptcy proceeding.

¶ 10. On September 21, 2006, while the bankruptcy matter was still pending, R.M. obtained a domestic abuse restraining order against D.M. Attorney Woods entered an appearance on behalf of D.M. without first obtaining a consent from R.M. Attorney Woods subsequently filed another divorce petition on behalf of D.M.

¶ 11. Attorney Woods then failed to file the amended bankruptcy plan, resulting in the dismissal of the bankruptcy proceeding without his clients' consent. He then failed to refund a fee advance paid by R.M.

¶ 12. On October 6, 2007, Attorney Woods, by written stipulation with the OLR, entered a plea of no contest to all matters contained in the complaint. The stipulation did not address the question of appropriate discipline. Attorney Woods did file a written statement explaining the situation in more detail, including allegations of domestic violence by R.M. against D.M., explaining this prompted him to act on D.M.'s behalf.

¶ 13. The referee approved the stipulation on November 10, 2007, and scheduled a hearing to address the issue of the appropriate discipline. On November 26, 2007, the parties stipulated to Attorney Woods' prior disciplinary history. On or about December 5, 2007, the parties filed a letter stating the parties agreed that restitution to R.M. in the amount of $750 was appropriate. The letter also stated that the parties wished to

proceed on the issue of appropriate discipline by "written submissions alone." Briefs were submitted on the issue in lieu of a hearing.

¶ 14. Based on the parties' stipulation, briefs, written statements, and a review of the record, the referee concluded that by failing to file an amended plan and amended budget by the deadline established by the court in the bankruptcy proceeding involving D.M. and R.M., ultimately resulting in the dismissal of the bankruptcy action, Attorney Woods violated former SCR 20:1.3.[1]

¶ 15. The referee concluded further that by failing to keep R.M. reasonably informed as to the status of the bankruptcy petition, including the court's order regarding the need to file the amended plan and budget to prevent dismissal of the petition, Attorney Woods violated SCR 20:1.4(a).[2]

¶ 16. The referee also concluded that by representing both D.M. and R.M. in the bankruptcy proceeding even though he represented D.M. as a party adverse to R.M. in divorce and temporary restraining order

---

[1] Effective July 1, 2007, substantial changes were made to the Wisconsin Supreme Court Rules of Professional Conduct for Attorneys, SCR Chapter 20. *See* S. Ct. Order 04–07, 2007 WI 4, 293 Wis. 2d xv, 726 N.W.2d Ct.R-45 (eff. July 1, 2007); and S. Ct. Order 06–04, 2007 WI 48, 297 Wis. 2d xv, 730 N.W.2d Ct.R.-29 (eff. July 1, 2007). Because the conduct underlying this case arose prior to July 1, 2007, unless otherwise indicated, all references to the supreme court rules will be to those in effect prior to July 1, 2007.

Former SCR 20:1.3 provides that "a lawyer shall act with reasonable diligence and promptness in representing a client."

[2] Former SCR 20:1.4(a) states that, "[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

matters without having consulted with D.M. or R.M. or obtaining written conflict waivers, Attorney Woods violated former SCR 20:1.7(a).[3]

¶ 17. Finally the referee concluded that by failing to return to R.M. any of the funds advanced in connection with the bankruptcy proceeding, Attorney Woods violated SCR 20:1.16(d).[4]

¶ 18. Turning to the question of the appropriate discipline for the misconduct, the referee noted that Attorney Woods has been disciplined on five prior occasions and that a review of case law clearly indicated suspension was appropriate here particularly in light of Attorney Woods' prior disciplinary history. The referee stated:

> In keeping with the view that discipline in these cases should be of a progressive nature, there is little to suggest that the public, the profession or even Attorney Woods would be well served by anything other than a suspension from practice. The time for reprimands has clearly passed.

[3] Former SCR 20:1.7(a) provides:

A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:

(1) the lawyer reasonably believes the representation will not adverse affect the relationship with the other client; and

(2) each client consents in writing after consultation.

[4] Former SCR 20:1.16(d) states in pertinent part:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

¶ 19. The referee considered but rejected Attorney Woods' claim that R.M.'s own conduct in the underlying matter should be deemed a mitigating factor, stating that:

> By attempting to shift the blame for the poor handling of the bankruptcy case to his client, Attorney Woods demonstrates that he has very little insight into the impact of his violations on his clients or the duty of an attorney to protect his clients' interests unless properly relieved of the responsibilities of representation. Given the lack of such insight, it would appear likely to me that Attorney Woods will on some future occasion, once again, fall short of the standard of providing his clients competent legal representation unless the court sends him a strong punitive message.

The OLR did note that the clients involved in this matter were "difficult" and that subsequent attorneys have withdrawn from representing them. Nonetheless, the referee described Attorney Woods' misconduct, when considered in the context of his lengthy legal experience, "astoundingly unexplainable."

¶ 20. The OLR recommended a 90–day suspension along with restitution and costs. Attorney Woods requested "leniency." The referee commented that in his judgment, a 90–day suspension was lenient under the circumstances. The referee stated, "My first inclination was for a longer period of suspension, but I am persuaded that all interests would be served by imposing a penalty sought by the OLR."

¶ 21. No appeal has been filed, so this matter is submitted to the court pursuant to SCR 22.17(2). A referee's findings of fact are not overturned unless clearly erroneous. *See In re Disciplinary Proceedings Against Carroll,* 2001 WI 130, ¶ 29, 248 Wis. 2d 662,

636 N.W.2d 718. We independently review the referee's legal conclusions. *Id.* It is our responsibility to determine the appropriate discipline. *See In re Disciplinary Proceedings Against Reitz,* 2005 WI 39, ¶ 74, 279 Wis. 2d 550, 694 N.W.2d 894.

¶ 22. We consider the seriousness of the conduct as well as the need to protect the public, courts, and legal system from repetition of misconduct, to impress upon the attorney the seriousness of the misconduct and to deter other attorneys from engaging in similar misconduct. *See In re Disciplinary Proceedings Against Arthur,* 2005 WI 40, ¶ 78, 279 Wis. 2d 583, 694 N.W.2d 910.

¶ 23. We accept the referee's recommended discipline in this matter. We agree that Attorney Woods' serious disciplinary history warrants the suspension of his license and agree that a 90–day license suspension is appropriate together with restitution to client R.M. and imposition of the costs of this proceeding, which total $2,009.83 as of February 25, 2008.

¶ 24. IT IS ORDERED that Attorney Terrence J. Woods' license to practice law in Wisconsin is suspended for a period of 90 days, effective August 11, 2008.

¶ 25. IT IS FURTHER ORDERED that Attorney Terrence J. Woods comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶ 26. IT IS FURTHER ORDERED that within 60 days of the date of this order, Attorney Terrence J. Woods shall demonstrate that he has paid restitution to his former client, R.M., in the amount of $750. If restitution is not paid within the specified time and

absent a showing to this court of his inability to pay restitution within that time, the license of Attorney Terrence J. Woods to practice law in Wisconsin shall remain suspended until further order of this court.

¶ 27. IT IS FURTHER ORDERED that within 60 days of the date of this order Attorney Terrence J. Woods pay the costs of this proceeding to the Office of Lawyer Regulation, amounting to $2,009.83. Restitution shall be made before the payment of costs. If the costs are not paid within the specified time, and absent a showing to this court of his inability to pay the costs within that time, the license of Attorney Terrence J. Woods shall remain suspended until further order of the court.