IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Terrence J. WOODS, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Terrence J. WOODS, Respondent.

Supreme Court

*No. 2008AP544–D. Decided January 21, 2009.*

2009 WI 7

(Also reported in 759 N.W.2d 322.)

¶ 1. PER CURIAM. On March 5, 2008, the Office of Lawyer Regulation (OLR) filed a complaint alleging Attorney Terrence J. Woods committed six counts of professional misconduct in connection with represent-

ing a client in a personal injury lawsuit and for failure to file and/or pay certain state income taxes. The parties executed a joint stipulation, so we consider the OLR complaint and the parties' stipulation without the appointment of a referee pursuant to SCR 22.12(1).[1] After careful consideration, we adopt the stipulation of the parties and agree that the seriousness of Attorney Woods' misconduct warrants the suspension of his license to practice law in Wisconsin for a period of one year to run consecutive to his current suspension imposed by this court in July 2008. We further agree that Attorney Woods should should not be required to pay the costs of this proceeding.

¶ 2. Attorney Woods was admitted to practice law in Wisconsin in 1965. Attorney Woods' license to practice law in Wisconsin is currently suspended and he has been disciplined by this court on several previous occasions.

¶ 3. In 1993 Attorney Woods received a public reprimand for failing to properly pursue an appeal on behalf of two criminal defendants. *See* Public Reprimand of Terrence J. Woods, 1993–2.

¶ 4. In 1996 Attorney Woods consented to a private reprimand for settling a case without his client's knowledge or consent and for refusing to return documents and property belonging to his client. *See* Private Reprimand of Terrence J. Woods, 1996–1.

¶ 5. In 1998 this court suspended Attorney Woods for 60 days for misconduct that included failure to keep

---

[1] SCR 22.12 provides: Stipulation.

(1) The director may file with the complaint a stipulation of the director and the respondent to the facts, conclusions of law regarding misconduct, and discipline to be imposed. The supreme court may consider the complaint and stipulation without the appointment of a referee.

his clients informed of the status of their matters, failure to return property, failure to act with reasonable diligence in pursuing his clients' interests, failure to communicate with his clients, and failure to cooperate with the Board of Attorneys Professional Responsibility's investigation into his misconduct. *See In re Disciplinary Proceedings Against Woods*, 216 Wis. 2d 137, 573 N.W.2d 838 (1998).

¶ 6. Later in 1998 Attorney Woods was again suspended for 60 days for failure to act diligently on his client's behalf and failure to properly inform his client of the status of the case. *See In re Disciplinary Proceedings Against Woods*, 221 Wis. 2d 230, 583 N.W.2d 650 (1998).

¶ 7. In 2003 Attorney Woods received a public reprimand for misconduct committed in connection with a possible small claims action over unpaid vacation compensation and for failure to inform his client that he would not pursue a worker's compensation claim on her behalf after leading her to believe that he would pursue the claim. *See* Public Reprimand of Terrence J. Woods, 2003–11.

¶ 8. Most recently, in July 2008, this court suspended Attorney Woods' license to practice law for 90 days for professional misconduct committed in the context of a bankruptcy proceeding and a divorce proceeding. *OLR v. Woods*, 2008 WI 79, 311 Wis. 2d 213, 751 N.W.2d 840. Again, his license remains suspended.

¶ 9. The present disciplinary matter involves misconduct committed in the context of representing a client in a fee dispute and misconduct relating to Attorney Woods' own failure to file and/or pay state income taxes.

¶ 10. In 2001 D.B. was involved in an automobile accident. In November 2002 D.B. and her husband contacted Attorney Woods because their insurance company had declined to pay D.B.'s chiropractor bills. Attorney Woods agreed to represent D.B., and D.B. signed a contingent fee agreement with Attorney Woods.

¶ 11. Attorney Woods did not file a lawsuit on behalf of D.B. until one day before the applicable statute of limitations expired. Then, Attorney Woods failed to serve the defendants with an authenticated copy of the summons and complaint as required by Wis. Stat. § 801.02(2). Accordingly, the circuit court scheduled a hearing to dismiss the lawsuit on January 11, 2005. Attorney Woods failed to advise D.B. of this hearing. Attorney Woods attended the dismissal hearing, and the lawsuit was dismissed with prejudice on January 11, 2005, because of Attorney Woods' failure to serve an authenticated copy of the summons and complaint. Attorney Woods failed to notify D.B. that her case was dismissed. Several times after the January 11, 2005, hearing, D.B. spoke with Attorney Woods about her lawsuit, and each time Attorney Woods told her that her case was proceeding normally.

¶ 12. D.B.'s father died in the fall of 2006. At that time, she learned that Attorney Woods was handling her father's estate. D.B. spoke with Attorney Woods several times about her personal injury lawsuit as well as her father's estate. At no time did Attorney Woods inform D.B. that her lawsuit had been dismissed.

¶ 13. In November 2006 D.B. informed Attorney Woods that she had learned her lawsuit had been dismissed. She attempted to arrange a meeting with

286

Attorney Woods to discuss the matter, but Attorney Woods failed to appear at the meeting.

¶ 14. In January 2007 D.B. retained Attorney Brian Maloney to pursue a legal malpractice action against Attorney Woods. Attorney Maloney requested D.B.'s file but Attorney Woods failed to respond to these requests and did not make D.B.'s file available until he was deposed in June 2007.

¶ 15. Based on the foregoing, the OLR complaint alleged and the parties later stipulated as follows:

> By failing to file a personal injury lawsuit until the day before the expiration of the statute of limitations and, in addition, in failing to serve the defendants in such lawsuit with an authenticated copy of the summons and complaint within 90 days after filing, resulting in the dismissal of the lawsuit with prejudice, Attorney Woods failed to act with reasonable diligence and promptness in representing his clients, in violation of SCR 20:1.3.[2]

> By failing to inform D.B. that the defendants had filed a motion to dismiss the lawsuit, and that the court had scheduled a hearing on defendants' motion to dismiss and, in addition, by failing to inform D.B. of the court's order dismissing the lawsuit with prejudice,

---

[2] Effective July 1, 2007, substantial changes were made to the Wisconsin Supreme Court Rules of Professional Conduct for Attorneys, SCR Chapter 20. *See* S. Ct. Order 04–07, 2007 WI 4, 293 Wis. 2d xv, 726 N.W.2d Ct.R-45 (eff. July 1, 2007); and S. Ct. Order 06–04, 2007 WI 48, 297 Wis. 2d xv, 730 N.W.2d Ct.R.-29 (eff. July 1, 2007). Because the conduct underlying this case arose prior to July 1, 2007, unless otherwise indicated, all references to the supreme court rules will be to those in effect prior to July 1, 2007.

Former SCR 20:1.3 provides "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

Attorney Woods failed to keep his clients reasonably informed about the status of their case, in violation of former SCR 20:1.4(a).[3]

By failing to explain to D.B. the ramifications of the dismissal of the lawsuit with prejudice at any time from January 11, 2005, through November 29, 2006, Attorney Woods deprived his client of the ability to make informed decisions regarding the representation and thereby violated SCR 20:1.4(b).[4]

By failing to respond to successor counsel's requests for D.B.'s file, Attorney Woods failed to take steps to protect his clients' interests, such as surrendering their file, in violation of SCR 20:1.16(d).[5]

By failing to inform D.B. of the dismissal of the lawsuit, notwithstanding multiple direct inquiries to Attorney Woods concerning the status of their case made after the dismissal with prejudice of the suit, Attorney Woods violated SCR 20:8.4(c).[6]

---

[3] Former SCR 20:1.4(a) states "[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

[4] Former SCR 20:1.4(b) states, "A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

[5] Former SCR 20:1.16(d) provides:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

[6] Former SCR 20:8.4(c) provides it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

STATE INCOME TAX MATTERS

¶ 16. In August 2007 the Department of Revenue (DOR) advised the OLR that Attorney Woods had failed to file state income tax returns and owed delinquent state income tax, state withholding tax, and state business tax registration fees to the DOR. Initially, the DOR advised the OLR that Attorney Woods' estimated tax liability totaled $430,338.80.

¶ 17. Attorney Woods responded to the OLR inquiry regarding the alleged income tax liabilities denying that he owed $430,338.80, but admitting that he had been working with an accountant to address his state withholding tax issue and his tax liability. In November 2007 the DOR reported to the OLR that Attorney Woods' tax liability was $208,478.76.

¶ 18. Based on the foregoing, the OLR alleged and the parties later stipulated that Attorney Woods violated SCR 20:8.4(f)[7] by:

Failing to file Wisconsin state income tax returns with the Department of Revenue for the tax period(s) 1996, 1997, 1998, 1999, 2004, 2005, and 2006.

Failing to pay income taxes to the Department of Revenue for the tax years 1996, 1997, 1998, and 1999.

Failing to pay withholding taxes for the tax years 1996, 1998, 1999, 2000, May through December 2001, 2002, September through December 2003, and June 2004.

Failing to file withholding tax returns for 1997, 2004, 2005, 2006, and for January through June 2007.

[7] SCR 20:8.4(f) states it is professional misconduct for a lawyer to "violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

Failing to pay business tax registration fees for 1999, 2001, 2003, and 2005.

Failing to satisfy tax warrants issued against him by the Department of Revenue for the years 1998 through 2007.

¶ 19. As part of the stipulation, Attorney Woods admitted he owes monies to the DOR, but contends the amount he owes is substantially less than what DOR claims.

¶ 20. Attorney Woods acknowledged that the stipulation was made knowingly and voluntarily and represents his admission of the misconduct charged in the disciplinary complaint and his assent to the level of discipline sought by the OLR.

¶ 21. With respect to the appropriate level of discipline, the parties agreed that a one-year suspension was appropriate and that the suspension should be imposed consecutive to Attorney Woods' current suspension imposed in July 2008. The OLR explicitly advised the court that the recommended discipline was not the result of negotiations.

¶ 22. SCR 22.12(2) provides that if this court approves a stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline. SCR 22.12(3) provides that if this court rejects the stipulation, a referee will be appointed and the matter shall proceed as a complaint filed without a stipulation.

¶ 23. We adopt the stipulated facts and conclusions of law. We now turn to the recommended discipline.

¶ 24. Attorney Woods has an extensive disciplinary history. Attorney Woods' misconduct in this matter

seriously compromised the legal rights of his client, D.B. Upon review of the stipulation, this court questioned whether the proposed one-year suspension was inadequate under the circumstances, particularly given Attorney Woods' extensive disciplinary history. Accordingly, this court issued an order directing the parties to justify the recommendation for discipline contained in the parties' stipulation.

¶ 25. Both parties filed written responses. The OLR provided this court with a 14–page detailed memorandum which analyzed some 11 disciplinary cases involving neglect of client matters. The OLR advised the court that typically, the misconduct alleged in this complaint would warrant a suspension in the range of 60 to 90 days. The OLR also analyzed nine disciplinary cases involving failure to file income tax returns or pay income tax liabilities. Absent his extensive disciplinary history, Attorney Woods' misconduct in this matter would likely warrant a suspension of his license to practice law in Wisconsin for a period of 90 days to six months. Here, however, the OLR was mindful that Attorney Woods' previous disciplinary history is a significant aggravating factor justifying a more lengthy suspension.

¶ 26. Upon review of the OLR's statement in support of the stipulation, this court is persuaded that a one-year suspension of Attorney Woods' license to practice law in Wisconsin—imposed consecutive to his current suspension—is adequate discipline for the misconduct committed in this matter. Therefore,

¶ 27. IT IS ORDERED that the license of Terrence J. Woods to practice law in Wisconsin is suspended for a period of one year, effective the date of this order. The suspension shall run consecutive to the

291

90–day suspension imposed by this court in *OLR v. Woods,* 2008 WI 79, 311 Wis. 2d 213, 751 N.W.2d 840.

¶ 28. IT IS FURTHER ORDERED that Terrence J. Woods shall comply with the requirements of SCR 22.26 pertaining to activities following suspension if he has not already done so.