In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Terrence J. WOODS, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Terrence J. WOODS, Respondent.

Supreme Court

*No. 2010AP1543–D.—Decided June 23, 2011.*

2011 WI 46

(Also reported in 800 N.W.2d 875.)

¶ 1. PER CURIAM. We review the referee's recommendation entered upon a stipulation filed by Attorney Terrence J. Woods and the Office of Lawyer Regulation (OLR). The OLR filed a complaint alleging misconduct in failing to adhere to professional standards of diligence, communication with his client, and candor toward a tribunal. Richard P. Mozinski was appointed referee. The referee approved Attorney Woods' no contest plea to the allegations of the disciplinary complaint and the parties' stipulation to a six-month suspension of Attorney Woods' license to practice law in Wisconsin, to be imposed retroactively (consecutive to a one-year suspension effective November 11, 2008). The referee also recommended Attorney Woods be ordered to pay costs. No appeal has been filed.

¶ 2.  We agree the seriousness of Attorney Woods' misconduct, together with his disciplinary history, warrant a six-month suspension of his license to practice law. However, we conclude the effective date of the suspension shall be the date of this decision, notwithstanding the fact that Attorney Woods' license has been under a continuous suspension since 2008 and will remain suspended unless and until he successfully petitions for reinstatement. Generally, a retroactive suspension is disfavored in the absence of some compelling circumstance. *See In re Disciplinary Proceedings Against Boyd,* 2009 WI 59, 318 Wis. 2d 281, 767 N.W.2d 226. We discern no compelling circumstance to impose a retroactive suspension in this instance. Therefore, we approve and adopt the stipulation and the referee's recommendation in all respects except as to the effective date of the suspension. We impose full costs.

¶ 3.  Attorney Woods was admitted to practice law in Wisconsin in 1965 and has practiced in Oconto Falls. Attorney Woods has a lengthy disciplinary history; his license is currently suspended. In *In re the Disciplinary Proceedings Against Woods,* 2009 WI 7, 315 Wis. 2d 282, 759 N.W.2d 322, a one-year suspension was imposed to run consecutively to an August 2008 90–day suspension. In that case, Attorney Woods' misconduct included the failure to file timely and serve a personal injury lawsuit before the statute of limitations expired resulting in the dismissal with prejudice; failure to inform his client of a dismissal motion and hearing; failure to inform his client of the dismissal with prejudice; failure to explain to his client the effects of the dismissal; failure to respond to successor counsel's requests for the client's file; dishonesty in failing to inform his client of the dismissal of the lawsuit; and failure to file state income taxes.

¶ 4. Effective August 11, 2008, the court imposed a 90–day suspension for Attorney Woods' failure to file an amended bankruptcy plan and budget by the deadline, leading to the dismissal of a bankruptcy petition; failure to inform his client of the status and advise his client to comply with court orders; conflict of interest; and failure to return advanced fees. *In re Disciplinary Proceedings Against Woods,* 2008 WI 79, 311 Wis. 2d 213, 751 N.W.2d 840.

¶ 5. In 2003 Attorney Woods received a consensual public reprimand for failure to act with reasonable diligence; failure to keep a client reasonably informed; failure to explain a matter to the extent reasonably necessary; failure to communicate the basis or rate of the fee; failure to reduce a contingency fee agreement to writing; and failure to take steps reasonably practicable to protect the client's interests. Public Reprimand of Terrence Woods, 2003–11. *See also In re Disciplinary Proceedings Against Woods,* 221 Wis. 2d 230, 583 Wis. 2d 650 (1998) (60–day suspension for failure to provide adequate representation and failure to act with reasonable diligence); *In re Disciplinary Proceedings Against Woods,* 216 Wis. 2d 137, 573 N.W.2d 838 (1998) (60–day suspension for failure to keep a client reasonably informed; failure to promptly comply with reasonable requests for information; failure to surrender property to which the client was entitled; failure to act with reasonable diligence; failure to cooperate with the investigation; and for making a misrepresentation in a disclosure to the Board of Attorneys Professional Responsibility); Private Reprimand of Terrence Woods, 1996–1 (failure to confer with a client about case settlement; failure to keep the client reasonably informed; and failure to return the client's property); and Public Reprimand of Terrence Woods, 1993–2 (failure to provide

competent representation; failure to act with reasonable diligence; failure to keep the client reasonably informed; and failure to take reasonable steps to protect the client's interests upon the termination of representation).

¶ 6.   In the instant proceedings, the referee found V.S. was served with a summons and complaint on May 24, 2008. Attorney Woods had represented V.S. previously and they had an ongoing attorney-client relationship. By at least June 12, 2008, Attorney Woods had agreed to represent V.S. in the lawsuit and had met with him to discuss the case. However, Attorney Woods failed to file a timely answer to the complaint and did not timely seek an extension from the court or opposing counsel.

¶ 7.   Opposing counsel declined to agree to an extension and sought a default judgment against V.S. On June 26, 2008, Attorney Woods filed a notice of retainer, answer, affirmative defenses, and counterclaim with the circuit court clerk.

¶ 8.   At the July 22, 2008, hearing on plaintiff's motion for default judgment, Attorney Woods appeared on behalf of V.S. and misrepresented to the court that V.S. had hired him on or about June 18, 2008, after the deadline for filing an answer had passed. On July 23, 2008, the court issued a default judgment against V.S. and his wife in the amount of $10,124.47.

¶ 9.   Following the entry of a default judgment, Attorney Woods took no further action on behalf of V.S. Ultimately V.S. retained new counsel.

¶ 10.   Meanwhile, on June 27, 2008, V.S. had been charged with two traffic violations and hired Attorney Woods to represent him. The circuit court scheduled trial on both traffic cases for August 11, 2008. V.S. did not receive a copy of the hearing notice and Attorney Woods did not advise V.S. of the hearing date.

¶ 11.   On July 8, 2008, this court issued a decision suspending Attorney Woods' law license for 90 days, effective August 11, 2008. *See Woods,* 311 Wis. 2d 213. Attorney Woods prepared a letter informing his clients he was subject to discipline and suspended from the practice of law for 90 days. He advised his clients to seek other legal counsel. Although the letter was dated August 6, 2008, it was not mailed until August 11, 2008.[1]

¶ 12.   Attorney Woods called V.S. the morning of August 11, 2008, regarding the hearing in the two traffic cases. V.S. said he could not possibly make the hearing on such short notice and had other commitments. Attorney Woods indicated he would request a continuance. Attorney Woods thereafter called the circuit court and faxed a letter to the court indicating he was subject to discipline and requesting the matter be postponed for one month.

¶ 13.   Neither Attorney Woods nor V.S. appeared at the August 11, 2008, trial. The circuit court declined to continue the matter and issued a default judgment against V.S. in both traffic cases. On August 12, 2008, V.S. received Attorney Woods' August 6, 2008, letter.

¶ 14.   The referee determined these facts supported three counts of professional misconduct as alleged in the disciplinary complaint. By failing to file a timely answer or timely request an extension from the court and opposing counsel, and by failing to take meaningful action to protect his client's interests once notified the court had scheduled an August 11, 2008, trial on the traffic citations, when he knew he would not be able to

---

[1] Attorney Woods did not send the letter to V.S. by certified mail and did not provide written notification of his suspension to the district attorney in the Marinette County traffic cases against V.S.

appear because of his law license suspension, the referee concluded Attorney Woods violated SCR 20:1.3 (diligence).[2]

¶ 15. By informing the court he had received the complaint from his client after the deadline for filing an answer had passed, when in fact he had received the complaint prior to the deadline, the referee concluded Attorney Woods violated SCR 20:3.3(a)(1) (candor to the tribunal).[3]

¶ 16. By failing to notify his client by certified mail and to provide appropriate written notice to opposing counsel of his suspension, the referee concluded Attorney Woods violated SCR 22.26(1),[4] enforceable through

---

[2] SCR 20.1.3 says that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

[3] SCR 20:3.3(a)(1) states that a lawyer shall not knowingly "make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer; . . . ."

[4] SCR 22.26(1) provides in part:

On or before the effective date of license suspension or revocation, an attorney whose license is suspended or revoked shall do all of the following:

(a) Notify by certified mail all clients being represented in pending matters of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation.

(b) Advise the clients to seek legal advice of their choice elsewhere.

(c) Promptly provide written notification to the court or administrative agency and the attorney for each party in a matter pending before a court or administrative agency of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation. The notice shall identify the successor attorney of the attorney's client or, if there is none at the time notice is given, shall state the client's place of residence. . . .

330

SCR 20:8.4(f)[5] and, by failing to make such disclosure, as well as by failing to timely advise his client of the trial date for the traffic cases, the referee concluded Attorney Woods violated SCRs 20:1.4(a)(3)[6] and 20:1.4(b)[7] (communication).

¶ 17.　Addressing discipline, the referee found persuasive a number of cases involving similar violations imposing suspensions of four to six months. *See Boyd,* 318 Wis. 2d 281; *In re Disciplinary Proceedings Against Jones,* 2008 WI 53, 309 Wis. 2d 585, 749 N.W.2d 603; *In re Disciplinary Proceedings Against Morrissey,* 2005 WI 169, 286 Wis. 2d 579, 707 N.W.2d 142. However, the cited cases involved more counts of misconduct than charged here. The referee considered Attorney Woods' extensive disciplinary history, however, to be an aggravating factor. The referee concluded, on balance, the case law supported a six-month license suspension.

¶ 18.　The referee noted a retroactive suspension is generally not favored in the absence of some compelling circumstance. *See Boyd,* 318 Wis. 2d 281, ¶ 34. The referee concluded that if the OLR would seek a six-month prospective suspension, the effect would be to extend Attorney Woods' suspension longer than necessary for the misconduct at issue. Noting that Attorney Woods' license is currently suspended, the referee con-

[5] SCR 20:8.4(f) states it is professional misconduct for a lawyer to "violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers; . . . ."

[6] SCR 20:1.4(a)(3) states a lawyer shall "keep the client reasonably informed about the status of the matter; . . . ."

[7] SCR 20:1.4(b) provides that "[a] lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

sidered Attorney Woods' license will remain suspended unless and until he successfully petitions for reinstatement. For this reason, the referee was satisfied the public would be adequately protected, noting that commencing the suspension retroactively would simply affect the date when Attorney Woods would be eligible to petition for reinstatement.[8]

¶ 19. Because no appeal is filed, we review the referee's report pursuant to SCR 22.17(2).[9] In imposing discipline, we independently review the seriousness of the misconduct as well as the need to protect the public, the courts, and the legal system from repetition of misconduct, to impress upon the attorney the seriousness of the misconduct, and to deter other attorneys from committing similar misconduct. *See Woods,* 311 Wis. 2d 213, ¶ 22. In reviewing this matter, we issued an order to show cause requiring the parties to address why, in light of Attorney Woods' extensive disciplinary history, a retroactive suspension should be imposed. The parties filed responses that advocated in favor of accepting their stipulation and the referee's recommendation.

---

[8] The referee does not recommend restitution and the OLR does not seek restitution. To the extent any restitution would be indicated, a petitioner for reinstatement must demonstrate he has made restitution or has settled all claims of persons harmed by his misconduct, or provide an explanation for his failure to do so. *See* SCR 22.29(4m).

[9] SCR 22.17(2) provides in part:

If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. . . .

¶ 20. We determine the seriousness of Attorney Woods' misconduct, together with his extensive disciplinary history, warrants a six-month license suspension, effective the date of this order. Because Attorney Woods' extensive disciplinary history is an aggravating factor, we conclude he is not entitled to any leniency. We generally do not favor a retroactive suspension, *see Boyd,* 318 Wis. 2d 281, and do not impose a retroactive suspension here. In light of Attorney Woods' extensive disciplinary history, a retroactive suspension would not serve the objectives of lawyer discipline, which include the important goal of deterrence. *See Woods,* 311 Wis. 2d 213, ¶ 22. We are satisfied no compelling circumstances justify a retroactive suspension.

¶ 21. Full costs are imposed. Attorney Woods has filed no objection to the OLR's statement of costs and the record reveals no extraordinary circumstances to justify the reduction of costs.[10]

¶ 22. IT IS ORDERED that Terrence J. Woods' license to practice law in Wisconsin is suspended for a period of six months, effective the date of this order.

¶ 23. IT IS FURTHER ORDERED that within 60 days of the date of this order Terrence J. Woods pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Terrence J. Woods shall remain suspended until further order of the court.

¶ 24. IT IS FURTHER ORDERED that, to the extent he has not already done so, Terrence J. Woods comply with the provisions of SCR 22.26 concerning the

---

[10] As of November 12, 2010, the OLR's costs total $1,697.39.

duties of a person whose license to practice law in Wisconsin has been suspended.