In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Joan M. BOYD, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Joan M. BOYD, Respondent.

Supreme Court

*No. 2005AP215–D. Decided March 30, 2006.*

2006 WI 28

(Also reported in 711 N.W.2d 268.)

¶ 1. PER CURIAM. We review a referee's report and recommendation issued November 9, 2005, concluding that Attorney Joan M. Boyd violated the rules of professional conduct in connection with her representation of S.P. The referee recommended this court impose a public reprimand upon Attorney Boyd, together with certain conditions upon her license to practice law, and that it require Attorney Boyd to pay restitution and costs in connection with this matter. We adopt the referee's findings of fact and conclusions of law and the recommendations regarding discipline.

¶ 2. Attorney Boyd was admitted to practice law in Wisconsin in 1989. In 2000 she was publicly reprimanded for forging a client's endorsement on a refund check from a bankruptcy trustee and for depositing the client funds into her law office business account. Conditions were placed upon her license to practice law in connection with that matter, including the requirement that she use an accounting firm to handle her finances, that she attend certain continuing legal education courses, and that she continue to receive medical treatment for bipolar/manic depressive disorder.

¶ 3. On January 24, 2005, the Office of Lawyer Regulation (OLR) filed a complaint against Attorney Boyd alleging professional misconduct involving her representation of her former client, S.P. Attorney Boyd filed an answer and Timothy L. Vocke was appointed as referee in the matter. Subsequently, Attorney Boyd withdrew her answer and pled no contest to the allegations contained in the OLR complaint.

¶ 4. The complaint alleged, and the referee found, that Attorney Boyd represented S.P. in a Chapter 7 bankruptcy matter. Attorney Boyd received a total of $700 from S.P. for purposes of commencing the bankruptcy action. However, Attorney Boyd failed to deposit her client's payments into her client trust account. When asked by successor counsel to refund a portion of the retainer, Attorney Boyd commingled her own funds in the client trust account, then made the $300 refund check payable to the wrong payee.

¶ 5. The OLR alleged, and the referee concluded, that by failing to deposit the client's payments into her client trust account, Attorney Boyd failed to hold in trust, property of a client or third person that is in the lawyer's possession in connection with a representation, in violation of former SCR 20:1.15(a).[1] In addition, by depositing $300 of her own funds into her client trust account and issuing a check for $300 to successor counsel to refund a portion of the fee, Attorney Boyd commingled her own funds into her client trust account in violation of former SCR 20:1.15(a).

¶ 6. Attorney Boyd was also retained by S.P. to pursue the possibility of initiating a federal civil rights action on her behalf against a variety of individuals,

---

[1] Former SCR 20:1.15 applies to misconduct committed prior to July 1, 2004. Former SCR 20:1.15(a) provided in pertinent part that:

> (a) A lawyer shall hold in trust, separate from the lawyer's own property, that property of clients and third persons that is in the lawyer's possession in connection with a representation or when acting in a fiduciary capacity. . . . No funds belonging to the lawyer or law firm, except funds reasonably sufficient to pay or avoid imposition of account service charges, may be deposited in such an account.

including state and other government officials involved in a child in need of protective services (CHIPS) case involving S.P.'s child. Attorney Boyd informed S.P. that she thought S.P. had "a good case" and that she thought S.P. might obtain a "substantial settlement." She requested a $10,000 deposit, plus $2000 for costs, and over time S.P. made payments totaling $6500 to pursue the civil rights matter. No such action was ever commenced.

¶ 7. The OLR alleged, and the referee subsequently concluded, that Attorney Boyd failed to provide the legal skill or preparation reasonably necessary to handle the federal civil rights claim, in violation of SCR 20:1.1.[2]

¶ 8. In addition, the OLR alleged, and the referee concluded, that the fee Attorney Boyd charged S.P. in connection with the civil rights matter was unreasonable, in violation of SCR 20:1.5(a).[3] The referee particularly noted that the legal bills reflected a "great deal of time for 'legal research' " although no action was ever

---

[2] SCR 20:1.1 provides that "[a] lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

[3] SCR 20:1.5(a) provides: Fees

(a) A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

filed. The referee also noted that he was persuaded by the OLR investigator's testimony, opining that Attorney Boyd should have done more research before offering her opinion on the viability of a civil rights claim and that "the minimal amount of research" should have demonstrated that S.P. did not have a viable civil rights claim.

¶ 9.   In evaluating the appropriate discipline, the referee acknowledged that the aggrieved client was "highly emotional." However, he also found that, although cooperative with the OLR, Attorney Boyd showed no sign of remorse, took a significant amount of money from a person with limited resources, failed to make restitution to that person, and committed multiple disciplinary violations, albeit against this single client.

¶ 10.   At a hearing conducted on July 27, 2005, Attorney Boyd withdrew her answer and entered a no-contest plea to the allegations contained in the OLR complaint. However, Attorney Boyd's subsequent brief on the question of sanctions contained certain facts that the OLR asserted were not facts of record. The referee agreed, whereupon Attorney Boyd sought to

---

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

withdraw her no-contest plea. Following further hearing and argument the referee denied that motion, observing that, in any event, Attorney Boyd's answer had established a sufficient factual basis for the counts alleged against her.

¶ 11. The referee then considered the request from the OLR for a 60–day license suspension. Ultimately, after discussing various legal authorities, the referee recommended that the court: (1) impose a public reprimand; (2) order restitution in the amount of $5450 plus interest of 12 percent; (3) ensure that Attorney Boyd reach an agreement with the OLR that another accounting firm handle her finances; (4) make certain that Attorney Boyd supply the OLR with a medical authorization for purposes of her mental condition and continued treatment for her mental health condition; (5) guarantee that Attorney Boyd attend and pass the OLR trust account school; and (6) order Attorney Boyd to pay the costs of the prosecution of this case.

¶ 12. We somewhat reluctantly agree that a public reprimand is sufficient discipline for Attorney Boyd's misconduct in this matter. However, mindful of the fact that no appeal was filed in this matter, we accept the referee's recommendations. We further agree that the conditions recommended by the referee are appropriate and we order Attorney Boyd to pay the costs of this disciplinary proceeding, which are $7006.39 as of November 29, 2005.

¶ 13. IT IS ORDERED that Joan M. Boyd is publicly reprimanded for professional misconduct.

¶ 14. IT IS FURTHER ORDERED that within 30 days of the date of this order, Attorney Joan M. Boyd shall pay restitution to the client, S.P., in the amount of

$5450 plus interest at the rate of 12 percent per annum from the date of August 23, 2002 until the date the client is repaid in full.

¶ 15. IT IS FURTHER ORDERED that the following conditions are imposed upon Attorney Boyd's license to practice law in Wisconsin:

> Attorney Boyd shall attend and satisfy trust account training requirements as directed by the OLR;

> Six months after the date of this order, and every six months thereafter until two years after the date of this order, Attorney Boyd shall provide full medical treatment records to the OLR and any authorizations necessary to enable the OLR to monitor her medical condition.

> Within three months after the date of this order, Attorney Boyd shall enter into an agreement with the OLR regarding an acceptable accounting firm to manage her finances.

¶ 16. IT IS FURTHER ORDERED that within 60 days of the date of this order Attorney Joan M. Boyd shall pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified and absent a showing to this court of an inability to pay the costs within that time, the license of Attorney Joan M. Boyd to practice law in Wisconsin shall be suspended until further order of the court.