In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Joan M. BOYD, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Joan M. BOYD, Respondent.

Supreme Court

*No. 2008AP976–D. Decided June 26, 2009.*

2009 WI 59

(Also reported in 767 N.W.2d 226.)

¶ 1. PER CURIAM. We review the recommendation of the referee that Attorney Joan M. Boyd's license to practice law in Wisconsin be suspended for six months for professional misconduct. On July 14, 2008, the Office of Lawyer Regulation (OLR) filed an amended complaint alleging that Attorney Boyd engaged in 13 counts of misconduct arising from five separate matters. Gary L. Olstad was appointed referee.

¶ 2. On October 21, 2008, the parties entered into a stipulation in which Attorney Boyd: (1) withdrew her response and pled no contest to the amended complaint; (2) agreed the referee may use the amended complaint as the factual basis for a determination of misconduct; and (3) joined the OLR in recommending a six-month suspension of her Wisconsin law license and restitution.

¶ 3. The referee issued his report on February 2, 2009, adopting the amended complaint's fact statement and concluding Attorney Boyd engaged in unprofessional conduct as alleged. No appeal has been filed. We approve and adopt the referee's findings and conclusions. We determine the seriousness of Attorney Boyd's professional misconduct warrants a suspension of her license to practice law for six months. We also impose restitution and costs.

¶ 4. Attorney Boyd was admitted to practice law in Wisconsin in 1989 and resides in Shawano. Attorney Boyd has been subject to the following previous discipline:

- In 2000 Attorney Boyd forged her clients' endorsements on the back of a check that was issued by a bankruptcy trustee to the clients and arranged for the check to be deposited into her checking account. She also made a misrepresentation to the bankruptcy trustee's staff that the clients had endorsed the back of the check. *See* Public Reprimand of Joan M. Boyd, 2000–04.

- In 2006 Attorney Boyd was again publicly reprimanded for failing to deposit a fee into her client trust account; commingling funds in her trust account; failing to provide the legal skill or preparation reasonably necessary to handle a federal civil rights claim; and charging a client an unreasonable fee. *See In re Disciplinary Proceedings Against Boyd*, 2006 WI 28, 289 Wis. 2d 351, 711 N.W.2d 268.

- On August 18, 2008, a five-month license suspension was imposed in *In re Disciplinary Proceedings Against Boyd*, 2008 WI 103, 314 Wis. 2d 14, 752 N.W.2d 882, for five counts of misconduct in three client matters.

Attorney Boyd's license remains suspended.

¶ 5. The referee found the following facts supported counts 1 through 5. Attorney Boyd represented J.R. in post-conviction proceedings arising from his 2002 felony conviction in Brown County circuit court. Initially, J.R. had sought the services of the National Legal Professional Associates (NLPA). Under NLPA's procedures, it would perform the necessary research and briefing and J.R. would retain counsel licensed in Wisconsin to file and serve the paperwork and appear in court. NLPA recommended to J.R. that Attorney Boyd serve as local counsel to pursue post-conviction relief.

¶ 6. On her son's behalf, J.R's mother entered into a written fee agreement with Attorney Boyd, which provided for a $4,000 flat fee for legal services in connection with J.R.'s post-conviction motion and appeal. The agreement stated Attorney Boyd would "finalize the Motion and Appeal in accordance with prevailing ethical standards, and, in accordance with the law of the State of Wisconsin," she would "prosecute the Motion and Appeal to the full extent of the law."

¶ 7. Attorney Boyd filed the motion papers she had received from NLPA. The motion alleged ineffective assistance of counsel and sought vacation of the conviction and sentence. At a September 2, 2005, motion hearing, Attorney Boyd asserted judicial bias, which was unsupportable by any facts or existing law.[1]

---

[1] The motion had alleged a presumed acquaintance between her client's former wife and the trial judge.

Attorney Boyd failed to investigate whether any bias or judicial misconduct actually supported the allegation. The judge reacted in a strongly negative manner, observing that had Attorney Boyd done her homework, she would not have brought these allegations.

¶ 8. Following the hearing, Attorney Boyd advised J.R. he would have 90 days to appeal. He decided to appeal. After NLPA quoted additional fees that he could not afford, J.R. asked Attorney Boyd to prepare the appeal as required under the existing fee agreement. Because of her disagreement with J.R. as to her obligations under the fee agreement, Attorney Boyd suggested seeking an extension of time to appeal to permit J.R. to raise additional funds.

¶ 9. On November 14, 2005, Attorney Boyd filed a motion to extend the time to appeal; the motion was denied on November 17, 2005. J.R. did not learn of the denial of the motion until December 14, 2005, after the 90–day time to appeal had expired. No appeal was taken.

¶ 10. Attorney Boyd admitted to the OLR staff that the $4,000 she charged J.R. was to include her work in filing and arguing the post-conviction motion, as well as filing a court of appeals brief. Since the appeal was not filed, Attorney Boyd acknowledged she owed a $1,000 refund.

¶ 11. The referee concluded Attorney Boyd's handling of J.R.'s post-conviction matter gave rise to five counts of misconduct:

> **Count 1:** By filing a post-conviction motion alleging a presumed acquaintance between her client's former wife and the trial judge, without investigating whether such a relationship existed or there was a basis for any bias, and by filing a motion for an extension of time to take a post-conviction relief appeal that was not allowed

288

under existing Wisconsin law, Attorney Boyd violated SCR 20:1.1.[2]

**Count 2:** By failing to proceed with an appeal on J.R.'s behalf, when her fee agreement stated she would represent J.R. in his post-conviction motion and appeal, and by failing to properly terminate her representation and protect J.R.'s interests while the matter was pending, Attorney Boyd violated SCR 20:1.3.[3]

**Count 3:** By failing to inform J.R. that Attorney Boyd's motion to extend the time to appeal was denied until after the time for filing an appeal had expired, and by failing to explain to J.R. the significance of the dismissal of the motion or that J.R. still had the option of filing an appeal at the time the motion to extend was denied, Attorney Boyd violated former SCR 20:1.4(a)[4] and SCR 20:1.4(b).[5]

---

[2] Effective July 1, 2007, substantial changes were made to the Wisconsin Supreme Court Rules of Professional Conduct for Attorneys, SCR Chapter 20. *See* S. Ct. Order 04 07, 2007 WI 4, 293 Wis. 2d xv, 726 N.W.2d Ct.R-45 (eff. July 1, 2007); and S. Ct. Order 06 04, 2007 WI 48, 297 Wis. 2d xv, 730 N.W.2d Ct.R.-29 (eff. July 1, 2007). Because the conduct underlying this case arose prior to July 1, 2007, unless otherwise indicated, all references to the Wisconsin Supreme Court Rules will be to those in effect prior to July 1, 2007.

SCR 20:1.1 provides "[a] lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

[3] SCR 20:1.3 provides "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

[4] Former SCR 20:1.4(a) provided "[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

[5] SCR 20:1.4(b) provides "[a] lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

**Count 4:** By failing to refund to J.R. a minimum of $1,000, which Attorney Boyd acknowledges she did not earn, Attorney Boyd violated former SCR 20:1.16(d).[6]

**Count 5:** By asserting as a part of the post-conviction motion unsupportable allegations challenging the integrity of a judge without properly investigating the truth or falsity of such allegations, including asserting a presumed acquaintance between the trial judge and the defendant's former wife as cause for bias, without investigating whether such a relationship existed, Attorney Boyd violated SCR 20:8.2(a).[7]

¶ 12. The second matter involves C.C., and gave rise to counts 6 and 7. Attorney Boyd hired C.C. to perform investigative work on a case on which she had been appointed by the State Public Defender (SPD). When C.C. completed his work, he sent Attorney Boyd a bill for his services in the amount of $154.12. In August 2006 Attorney Boyd submitted her own billing statement along with C.C.'s invoice to the SPD. On August 21, 2006, the Wisconsin Department of Administration

---

[6] Former SCR 20:1.16(d) provided:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

[7] SCR 20:8.2(a) provides:

A lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge, adjudicatory officer or public legal officer, or of a candidate for election or appointment to judicial or legal office.

issued a check to Attorney Boyd in the matter, which included payment for C.C.'s invoice.

¶ 13. After receiving the check, Attorney Boyd failed to pay C.C. C.C. sent Attorney Boyd e-mails relating to the unpaid invoice. Eventually, on February 12, 2007, C.C. filed a grievance with the OLR alleging Attorney Boyd refused to pay him and failed to return his phone calls. On March 27, 2007, Attorney Boyd sent C.C. a cashier's check for $154.12. The payment came from funds in her law office business account.

¶ 14. Attorney Boyd acknowledged to the OLR that after receiving the SPD's check, which included payment for C.C.'s investigative services, she cashed the check and used the proceeds to pay her personal bills. Attorney Boyd stated she did not deposit the check into her trust account.

██

¶ 15. The referee concluded Attorney Boyd's handling of this matter gave rise to two counts of misconduct:

> **Count 6:** After receiving a check from the SPD in August 2006 which included funds to pay C.C.'s fee, Attorney Boyd failed to deposit the check into her client trust account in violation of former SCR 20:1.15(b)(1).[8]

> **Count 7:** After receiving the check from the SPD in August 2006 which included funds to pay C.C.'s fee, Attorney Boyd failed to promptly notify C.C. in writing

---

[8] Former SCR 20:1.15(b)(1) provided:

> A lawyer shall hold in trust, separate from the lawyer's own property, that property of clients and 3rd parties that is in the lawyer's possession in connection with a representation. All funds of clients and 3rd parties paid to a lawyer or law firm in connection with a representation shall be deposited in one or more identifiable trust accounts.

or to promptly deliver the fee C.C. was entitled to receive, in violation of SCR 20:1.15(d)(1).[9]

¶ 16. The third client matter gave rise to counts 8 and 9. In the late 1980s, V.B. was convicted of several charges in Milwaukee County circuit court, and received an 80–year prison sentence. His appeal and habeas corpus proceedings were unsuccessful. He subsequently contacted NLPA to pursue new post-conviction motions.

¶ 17. On April 22, 2004, V.B.'s sister sent NLPA a check for $2,000 to prepare a case evaluation for V.B. On or about April 27, 2004, NLPA referred V.B. to Attorney Boyd for possible future representation in seeking post-conviction relief.

¶ 18. On May 1, 2004, V.B. signed a "Client Authorization" form noting to NLPA that he had selected Attorney Boyd to represent him. Thereafter, NLPA sent Attorney Boyd its case evaluation. NLPA also wrote V.B. stating he needed to hire an investigator before a post-conviction motion could be prepared. V.B. hired J.J. to investigate.

¶ 19. On December 23, 2004, V.B.'s sister paid a $3,000 retainer to Attorney Boyd. Attorney Boyd provided no written fee agreement.

---

[9] SCR 20:1.15(d)(1) (effective July 1, 2004) provided: Notice and Disbursement.

Upon receiving funds or other property in which a client has an interest, or in which the lawyer has received notice that a 3rd party has an interest identified by a lien, court order, judgment, or contract, the lawyer shall promptly notify the client or 3rd party in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, the lawyer shall promptly deliver to the client or 3rd party any funds or other property that the client or 3rd party is entitled to receive.

¶ 20. Between March 2005 and July 2006, J.J. provided at least three reports of his investigative findings to Attorney Boyd, all of which indicated the victims would not recant their testimony. On July 7, 2006, Attorney Boyd sent J.J.'s notes to NLPA. NLPA advised Attorney Boyd it "cannot, at this time, recommend that a post-conviction motion be filed on [V.B.'s] behalf."

¶ 21. Between December 29, 2004, and July 19, 2006, Attorney Boyd had no contact with V.B. or his sister. On July 19, 2006, Attorney Boyd sent a letter to V.B., echoing NLPA's recommendation. In August 2006 V.B.'s sister filed a grievance with the OLR; and V.B. asked Attorney Boyd for his file. Attorney Boyd replied by announcing a new strategy that would be mapped out and recommended that V.B. grant her permission to hold the case open for further review. Attorney Boyd recommended pursuing an ineffective assistance of counsel claim.

¶ 22. In September 2006 V.B. requested an itemized statement of services from Attorney Boyd. In April and June 2007 the OLR district committee investigator made the same request. Attorney Boyd's notes indicate she had two conferences with V.B. and his sister in September and October 2006. In January 2007 Attorney Boyd requested copies of court records in V.B.'s cases and forwarded copies to V.B. V.B. replied that Attorney Boyd had not obtained copies of the discovery and other documents from his file and requested she contact the district attorney directly. Attorney Boyd did so by letter of March 6, 2007, but as of April 10, 2007, no additional material had been provided.

¶ 23. In April 2007, unbeknownst to V.B., Attorney Boyd contacted Legal Research Center, Inc., of Minneapolis, Minnesota, seeking services for research regarding V.B.'s post-conviction motion. However, V.B. wanted

Attorney Boyd to stop working on his case and to refund the $3,000 retainer. In November 2007 Attorney Boyd provided to the OLR a statement of her services, explaining that her delay was due to an oversight.

■■

¶ 24. The referee concluded Attorney Boyd's handling of V.B.'s case gave rise to two counts of misconduct.

> **Count 8:** By failing to request court documents until January 27, 2007, only after the client had filed a grievance and the grievance was referred to OLR's district committee for investigation, and after being paid a $3,000 fee in December 2004 to provide various legal services, including to seek some court documents that were missing from the case file, Attorney Boyd violated SCR 20:1.3.

> **Count 9:** After her client made a request on September 22, 2006, for an itemized statement of the services that Attorney Boyd had performed, by failing to provide the itemized statement until November 12, 2007, despite two requests for the statement from OLR's district committee investigator on April 10, 2007, and June 20, 2007, Attorney Boyd violated former SCR 20:1.4(a).

¶ 25. The fourth client matter gave rise to counts 10 and 11. In May 2005 R.O. was sentenced to prison as a result of multiple criminal convictions. R.O. was diagnosed with a medical condition while incarcerated and learned he was ineligible for treatment due to the short length of his sentence. R.O. asked his parents to speak with Attorney Boyd regarding a motion to modify his sentence based upon his medical condition.

¶ 26. Attorney Boyd requested a retainer of $1,800 from R.O.'s parents, which they paid on December 1, 2005. In January 2006, however, Attorney Boyd

refused to file a motion for sentence modification based on R.O.'s health condition because she considered it to be a frivolous motion. R.O. ultimately directed Attorney Boyd not to file anything on his behalf and asked her to refund his retainer. He also requested his file. Attorney Boyd replied the file had been lost. R.O.'s parents also requested Attorney Boyd discontinue any work on the case and provide a statement for services and a refund.

¶ 27. The OLR district committee investigator requested Attorney Boyd provide copies of: (1) records that would show telephone contacts with R.O.; (2) any schedules she might have relating to telephone calls to R.O. in prison; and (3) any retainer agreement and memoranda relating to the sentencing adjustment issue. Attorney Boyd provided only a copy of a letter from R.O. in September 2006 demanding a refund of $500 to his parents. Attorney Boyd never provided an accounting of the $1,800 fee she received to represent R.O.

¶ 28. Upon receipt of the district committee report, the OLR wrote to Attorney Boyd in October 2007 requesting information. In November 2007 Attorney Boyd replied she would attempt to retrieve the information from her old computer. Attorney Boyd did not submit the information or contact the OLR on the issue.

¶ 29. The referee concluded Attorney Boyd's conduct in handling the R.O. matter gave rise to the following two violations:

> **Count 10:** By failing to provide an accounting of the $1,800 fee she had received to represent R.O. for a sentence modification motion, when Attorney Boyd had not filed such a motion after concluding it was frivolous to do so, and after other family members had inquired of Attorney Boyd about receiving a partial refund, Attorney Boyd violated former SCR 20:1.16(d).

**Count 11:** By failing to provide telephone records to OLR's district committee, by failing to provide a memorandum of law to OLR, and by failing to provide the R.O. client file, which was purportedly lost or misplaced, Attorney Boyd violated SCR 22.03(6)[10] and SCR 22.04(1).[11]

¶ 30. The final matter gave rise to counts 12 and 13. R.B. was previously employed as a police officer. R.B. arrested Attorney Boyd on September 7, 2004. Attorney Boyd was initially charged with disorderly conduct and resisting arrest. The police report indicated Attorney Boyd recorded a preliminary breath test with a blood alcohol concentration of .117%. After her arrest, Attorney Boyd paid for the following advertisement in a local newspaper:

In Pursuit of Justice:
Stop Police Misconduct
Former Officer R.B. of the
CMTPD has pepper-
sprayed minor females
until rendered helpless and
then committed a sexual

---

[10] SCR 22.03(6) provides:

In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance.

[11] SCR 22.04(1) provides:

The director may refer a matter to a district committee for assistance in the investigation. A respondent has the duty to cooperate specified in SCR 21.15(4) and 22.03(2) in respect to the district committee. The committee may subpoena and compel the production of documents specified in SCR 22.03(8) and 22.42.

assault against them.
To pursue a civil rights
action, send statement to
**Legal Action Centre**
**P.O. Box 648**
**Shawano, WI 54166**
(715) 526-2155

Attorney Boyd did not list her name in the advertisement but used her post office box and telephone number.

██ ██

¶ 31. The criminal complaint against Attorney Boyd was amended to add a count of misdemeanor battery against a police officer. In January 2008 Attorney Boyd reported the charges against her were resolved by her plea of no contest to a count of misdemeanor disorderly conduct. The referee concluded Attorney Boyd's conduct supported the following two violations:

> **Count 12:** By failing to include her name in an advertisement that she ran in a local newspaper during the autumn of 2004 when she was the only lawyer responsible for the ad's content, Attorney Boyd violated former SCR 20:7.1(c).[12]

> **Count 13:** By engaging in acts during her arrest in September 2004 resulting in a criminal conviction of disorderly conduct, Attorney Boyd violated SCR 20:8.4(b).[13]

---

[12] Former SCR 20:7.1(c) provided that "[a]ny communication made pursuant to this rule shall include the name of at least one lawyer responsible for its content."

[13] SCR 20:8.4(b) states it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

¶ 32. The referee noted Attorney Boyd's conduct reflected violations similar to those in her previous disciplinary proceeding: providing inadequate representation, failing to act with reasonable diligence and promptness, and conduct involving fraud, deceit, and misrepresentation. The referee recommended Attorney Boyd's license to practice law in Wisconsin be suspended for six months, effective August 18, 2008, consecutive to the five-month suspension imposed in *Boyd*, 2008 WI 103, 314 Wis. 2d 14.

¶ 33. The referee also recommended Attorney Boyd make restitution plus interest at the legal rate as follows: (1) to R.O. in the amount of $1,500 with interest commencing January 31, 2006, to the date of payment; (2) to J.R. in the amount of $1,000 with interest commencing November 18, 2005, to the date of payment; and (3) to V.B.'s sister, the unearned portion of the $3,000 fee with interest commencing April 1, 2007, to the date of payment.[14] He also recommended Attorney Boyd be required to pay the full costs of this proceeding.[15]

¶ 34. We approve the referee's recommended sanction with one modification. To impose the suspension directly following the date her previous suspension expired would in effect be a suspension retroactive to August 2008. A retroactive suspension is generally not favored in the absence of some compelling circumstance, and no compelling circumstance is shown here.

---

[14] No objection has been made to the referee's recommendation that the amount of the refund should be calculated using the itemized statement Attorney Boyd provided to the OLR on November 12, 2007. The amount of the refund shall be calculated in accordance with the referee's recommendation.

[15] The OLR filed its cost statement on February 17, 2009, seeking costs and disbursements in the amount of $2,762.14.

298

Although we take into account the referee's recommendation as to discipline, we do not accord the referee's recommendation any conclusive weight. *In re Disciplinary Proceedings Against Widule*, 2003 WI 34, ¶ 44, 261 Wis. 2d 45, 660 N.W.2d 686. It is this court's responsibility to determine the appropriate discipline to be imposed for an attorney's misconduct. *Id.* Based on the seriousness of the misconduct and Attorney Boyd's disciplinary history, we impose a six-month license suspension effective the date of this decision.

¶ 35. IT IS ORDERED that the license of Joan M. Boyd to practice law in Wisconsin is suspended for a period of six months, effective the date of this order.

¶ 36. IT IS FURTHER ORDERED that to the extent she has not yet done so, Joan M. Boyd shall comply with SCR 22.26 regarding the duties of a person whose license to practice law in Wisconsin has been suspended.

¶ 37. IT IS FURTHER ORDERED that Joan M. Boyd pay restitution plus interest at the legal rate. *See* Wis. Stat. § 138.04. Restitution shall be paid as follows: to R.O. in the amount of $1,500 with interest commencing January 31, 2006, to the date of payment; to J.R. in the amount of $1,000 with interest commencing November 18, 2005, to the date of payment; and to V.B.'s sister, the unearned portion of the $3,000 fee with interest commencing April 1, 2007, to the date of payment. If restitution is not paid within 60 days of the date of this order, Joan M. Boyd's license shall remain suspended until further order of the court.

¶ 38. IT IS FURTHER ORDERED that within 90 days of the date of this order Joan M. Boyd pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified and absent a showing to this court of her inability to

pay the costs within that time, Joan M. Boyd's license to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 39. IT IS FURTHER ORDERED that the restitution is to be completed prior to paying costs to the Office of Lawyer Regulation.