In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Joan M. BOYD, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Joan M. BOYD, Respondent.

Supreme Court

*No. 2009AP774–D. Decided May 27, 2010.*

2010 WI 41

(Also reported in 782 N.W.2d 718.)

¶ 1. PER CURIAM. We review Referee Dennis J. Flynn's recommendation that this court suspend Attorney Joan M. Boyd's license to practice law in Wisconsin for 12 months consecutive to disciplinary suspensions already imposed on her, direct her to pay restitution and the costs of the proceeding, as well as to secure 20 credits of Wisconsin—approved continuing legal education (CLE) ethics courses as set forth herein. No appeal has been filed in this attorney disciplinary matter. *See* SCR 22.17(2).[1]

¶ 2. Attorney Boyd was admitted to practice law in Wisconsin in 1989 and resides in Shawano. Attorney

---

[1] SCR 22.17(2) provides:

Boyd's license is currently suspended. She has been subject to discipline on several previous occasions:

- In 2000 Attorney Boyd received a public reprimand for forging her clients' endorsements on the back of a check that was issued by a bankruptcy trustee to the clients and arranging for the check to be deposited into her checking account. She also misrepresented to the bankruptcy trustee's staff that the clients had endorsed the back of the check. *See* Public Reprimand of Joan M. Boyd, No. 2000–04.

- In 2006 Attorney Boyd was again publicly reprimanded for failing to deposit a fee into her client trust account; commingling funds in her trust account; failing to provide the legal skill or preparation reasonably necessary to handle a federal civil rights claim; and charging a client an unreasonable fee. *See In re Disciplinary Proceedings Against Boyd,* 2006 WI 28, 289 Wis. 2d 351, 711 N.W.2d 268.

- Effective August 18, 2008, this court suspended Attorney Boyd's license for five months for five counts of misconduct in three client matters. *See In re Disciplinary Proceedings Against Boyd,* 2008 WI 103, 314 Wis. 2d 14, 752 N.W.2d 882.

- On June 26, 2009, this court ordered Attorney Boyd to pay restitution and suspended her license for six months for 13 counts of misconduct in five client matters. *See In re Disciplinary Proceedings Against Boyd,* 2009 WI 59, 318 Wis. 2d 281, 767 N.W.2d 226.

¶ 3.  On March 25, 2009, the Office of Lawyer Regulation (OLR) filed a disciplinary complaint alleging

If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

that Attorney Boyd committed 11 separate acts of misconduct in four client matters. Attorney Boyd filed an answer to the complaint; however, after preliminary scheduling hearings she advised the referee she would stipulate to all the facts contained in the complaint. In July 2009 the parties entered into a stipulation, in which Attorney Boyd entered a no contest plea.

¶ 4. According to the stipulation, the referee would utilize the allegations of the complaint as an adequate factual basis for a determination of misconduct as to all 11 counts. The stipulation also made recommendations regarding discipline and restitution.

¶ 5. The referee accepted the stipulation, concluding that Attorney Boyd acted freely, knowingly, and voluntarily in entering into the stipulation and that the stipulation is not the product of any plea bargaining. Attorney Boyd's misconduct as set forth in the stipulation and the referee's report is summarized as follows.

## I. Client R.R.

¶ 6. In 2001 R.R. was convicted in Kenosha County and sentenced to prison. R.R. hired Attorney Boyd in November 2005 to represent him in a federal habeas corpus action. R.R. paid Attorney Boyd $3,000 for the retainer fee. Attorney Boyd filed the petition in federal court, but did not use the form required by local rule in habeas corpus cases. R.R. also filed a pro se motion and petition. The federal court denied all the pleadings and allowed Attorney Boyd to file an amended petition for writ of habeas corpus on a specified form on or before May 5, 2006. Attorney Boyd did not advise R.R. of the court's rulings or that she filed a motion for an order to hold in abeyance the petition for a writ of habeas corpus. An amended petition was never

■■■■■■■■■■■■■■■

filed on behalf of R.R. Attorney Boyd and R.R. agreed Attorney Boyd should withdraw from the representation.

¶ 7. R.R. requested Attorney Boyd return the $3,000 advance payment, but Attorney Boyd did not return the fee. The federal court received a communication from R.R. and directed Attorney Boyd to apprise the court why Attorney Boyd failed to communicate the court's ruling to her client. Attorney Boyd did not respond to that court's directive. R.R. wrote Attorney Boyd and asked questions about his case. Attorney Boyd did not respond. In June 2006 the federal court ordered Attorney Boyd to show cause regarding her representation of R.R. Ultimately, Attorney Boyd withdrew the petition for habeas corpus. A new petition was filed in federal court, but it was not timely. Attorney Boyd did not ask the court to reopen the earlier case that had been timely filed. On May 8, 2007, the federal court denied the petition for a writ of habeas corpus and dismissed the case.

¶ 8. With respect to Attorney Boyd's representation of R.R., the referee found as follows:

> *Count 1.* Attorney Boyd violated SCR 20:1.1[2] by not providing competent representation to R.R.
>
> *Count 2.* Attorney Boyd violated SCR 20:1.3[3] by failing to file an amended habeas corpus petition, by failing to submit a timely response to the court, by delaying the filing of a new habeas corpus petition until

---

[2] SCR 20:1.1 provides, "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

[3] SCR 20:1.3 states, "A lawyer shall act with reasonable diligence and promptness in representing a client."

692

after the statutory deadline had expired, and by failing to act with reasonable diligence and promptness in representing her client.

*Count 3.* Attorney Boyd violated former SCR 20:1.4(a)[4] by failing to inform R.R. she had filed a particular motion, by failing to inform R.R. of the federal court's order denying all petitions, by failing to keep her client reasonably informed as to the status of his case, and by failing to promptly comply with reasonable requests for information.

*Count 4.* Attorney Boyd violated former SCR 20:1.5(a)[5] by accepting a $3,000 fee and then failing to provide services that were necessary to preserve the client's rights. The referee agreed the legal fee was not reasonable.

---

[4] Former SCR 20:1.4(a) (effective through June 30, 2007) provided, "A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

[5] Former SCR 20:1.5(a) (effective through June 30, 2007), provided:   Fees.

A lawyer's fees shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

693

## II. Client M.D.

¶ 9. Attorney Boyd represented M.D. in March and April 2007. M.D. retained Attorney Boyd to file a post-conviction motion on his behalf within three weeks. Attorney Boyd agreed and M.D. paid her $4,800 as a retainer fee. The motion was not prepared or filed and no court appearance was arranged.

¶ 10. M.D. attempted to contact Attorney Boyd concerning the status of the representation and to express his concerns why nothing had been done in his case. Ultimately, M.D. terminated the lawyer-client relationship with Attorney Boyd and asked for a refund of the retainer. Attorney Boyd returned $2,000 of the fee representing an "initial refund".

¶ 11. Regarding Attorney Boyd's representation of M.D., the referee concluded as follows:

*Count 5.* By failing to file a post-conviction motion and have her client appear in court as agreed, Attorney Boyd failed to act with reasonable diligence and promptness in representing M.D. in violation of SCR 20:1.3.

*Count 6.* Attorney Boyd failed to keep M.D. reasonably informed about the status of his matter and failed to comply with reasonable client requests for case information in violation of former SCR 20:1.4(a) (effective through June 30, 2007).

## III. Client G.W.

¶ 12. G.W. was sentenced to 25 years in prison by the Milwaukee County circuit court. In late 2006 he hired Attorney Boyd to handle a post-conviction mo-

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

694

tion. G.W. paid Attorney Boyd a retainer fee of $1,800. Attorney Boyd prepared the requested motion and legal memorandum and sent them to G.W. for review before filing. G.W. reviewed the documents and wrote to Attorney Boyd informing her that the motion appeared to be legally defective because it did not include all the grounds for possible relief they had discussed, and it failed to allege that post-conviction counsel was ineffective in the original appeal. Attorney Boyd did not respond to G.W. and subsequently filed the pleadings as originally prepared.

¶ 13.   In May 2007 the court denied the motion based on the same rationale cited by G.W. Attorney Boyd advised G.W. of the ruling, that the ruling could be appealed, and that her fee for the appeal would be $2,000. G.W. agreed to the appeal, and Attorney Boyd filed a timely notice of appeal with the court of appeals. However, Attorney Boyd did not pay the required filing fee. Thereafter, G.W. advised Attorney Boyd he was terminating her representation and he would pursue the matter pro se.

¶ 14.   Regarding Attorney Boyd's representation of G.W., the referee concluded:

Count 7.   By failing to consider the input and wishes of G.W. and, instead, filing an unrevised motion that turned out to be legally inadequate and ineffective, Attorney Boyd did not provide competent representation to G.W., thereby violating SCR 20:1.1.

Count 8.   Attorney Boyd violated former SCR 20:1.2(a)[6] by not considering G.W.'s decisions concern-

[6] SCR 20:1.2(a) (effective through June 30, 2007) provides:

A lawyer shall abide by a client's decisions concerning the objectives of representation, subject to paragraphs (c), (d) and (e),

ing the objectives of the representation and by failing to consult with G.W. as to how the representation would be pursued.

¶ 15.   On August 5, 2009, G.W. filed a motion in this court objecting to the stipulation between Attorney Boyd and the OLR. In particular, he was concerned the stipulation did not contemplate restitution to him. He also asked the court to reinstate certain post-conviction rights.

¶ 16.   On August 12, 2009, the OLR filed a response to G.W.'s motion explaining that G.W. has no standing to bring this motion. The OLR also explained why it did not seek restitution in the G.W. matter. G.W. filed a reply on August 21, 2009, reiterating his requests for relief.

## IV. Client B.J.

¶ 17.   B.J. was sentenced to 25 years in prison in 1998 and all direct appeal options had been exhausted. In November 2002 B.J. retained Attorney Boyd to prepare and file a post-conviction motion on his behalf and paid Attorney Boyd a retainer fee. Attorney Boyd filed the motion and the circuit court issued a written decision in October 2004 denying the motion. Attorney Boyd immediately sent the court's decision to B.J. and advised him the next step would be to file an appeal. However, the record reflects that Attorney Boyd did not

---

and shall consult with the client as to the means by which they are to be pursued. A lawyer shall inform a client of all offers of settlement and abide by a client's decision whether to accept an offer of settlement of a matter. In a criminal case or any proceeding that could result in deprivation of liberty, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial and whether the client will testify.

inform B.J. about the timelines for any appeal and the procedures for filing the appeal so as to protect his appellate rights.

¶ 18. B.J. asked Attorney Boyd to work with him concerning Attorney Boyd's request for additional fees for the appeal. A notice of appeal was not filed. Attorney Boyd never told B.J. she was terminating her representation. On or about January 31, 2005, after the appeal deadline had passed, B.J. paid Attorney Boyd a $2,000 retainer. At a meeting on April 26, 2005, Attorney Boyd informed B.J. the time for filing an appeal had passed.

¶ 19. B.J. and Attorney Boyd subsequently agreed the additional $2,000 attorney fee would be used to pay Attorney Boyd to investigate whether the sentencing court had unconstitutionally applied a sentence enhancer and to seek modification of the sentence. Thereafter, B.J. sent Attorney Boyd several letters regarding the matter. Attorney Boyd failed to respond to many of B.J.'s letters. Attorney Boyd did not file any motion and did not provide B.J. with any time records regarding her work on his matters. B.J. eventually filed his own motion, pro se, with the court addressing both the enhancer statute and sentence credit issues.

¶ 20. With regard to Attorney Boyd's representation of B.J., the referee found:

*Count 9.* By failing to investigate the sentence enhancer issue after accepting a retainer to do so, Attorney Boyd failed to act with reasonable diligence and promptness in her representation of B.J., in violation of SCR 20:1.3.

*Count 10.* By failing to respond to B.J.'s letters requesting case information, Attorney Boyd failed to keep her client reasonably informed as to the status of his matter and to promptly comply with the client's

697

reasonable requests for case information in violation of former SCR 20:1.4(a) (effective through June 30, 2007).

*Count 11.* By failing to give B.J. written notice of his statutory appellate deadline and by failing to advise B.J. she was terminating her representation after the court's denial of B.J.'s post-conviction motion, Attorney Boyd violated former SCR 20:1.4(b).[7]

¶ 21. The referee discussed the terms of the stipulation. He also discussed Attorney Boyd's previous disciplinary history as well as the fact that another, separate disciplinary proceeding was also pending against Attorney Boyd. The referee observed that the "conduct of Attorney Boyd is serious and repetitive."

¶ 22. Ultimately, the referee recommended this court impose a 12–month suspension of Attorney Boyd's law license[8] to run consecutive to any other disciplinary suspension, order Attorney Boyd to pay restitution and the costs of this proceeding, as well as require Attorney Boyd to complete 20 credits of Wisconsin—approved CLE ethics courses.

¶ 23. Specifically, the referee recommended the court direct Attorney Boyd to pay restitution, as follows:

• Client R.R.: $3,000 with legal interest at the rate of 5 percent from November 5, 2005, until paid.

---

[7] Former SCR 20:1.4(b) (effective through June 30, 2007) provided, "A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

[8] While the stipulation recommended a nine-month consecutive suspension, the referee recommended 12 months and Attorney Boyd did not appeal this recommendation. We agree that a 12–month suspension is more appropriate for the misconduct involved in this matter.

- Client M.D.: $4,800 with legal interest at the rate of 5 percent from March 28, 2007, until paid.

- Client B.J.: $1,500 with legal interest at the rate of 5 percent from January 31, 2004, until paid.

■

¶ 24. We agree with the referee's recommendations regarding a 12–month suspension to run consecutive to existing disciplinary suspensions, restitution, additional ethics coursework, and payment of the costs of this proceeding.[9]

■

¶ 25. However, the question whether G.W. should have received restitution warrants further discussion. As noted, the referee did not recommend restitution be paid to G.W. and G.W. has strongly objected to this omission. The OLR has stated it is "not unsympathetic" to G.W.'s request for restitution and the question gave this court pause, as well. On November 10, 2009, this court issued an order directing the parties to show cause why the stipulation did not provide for restitution to G.W. Attorney Boyd filed no response. The OLR filed a response on November 23, 2009.

¶ 26. The OLR formulated a policy on restitution in 2007. *See In re Disciplinary Proceedings Against Nussberger,* 2009 WI 103, ¶ 20, 321 Wis. 2d 576, 775 N.W.2d 525. Its policy is to seek restitution only under the following circumstances:

- The grievant's or respondent's rights in a collateral proceeding will not likely be prejudiced;

- The funds to be restored do not constitute incidental or consequential damages;

_____

[9] As of August 24, 2009, the OLR's costs total $4,347.14.

- The funds to be restored were in the respondent lawyer's direct control; and
- There is a reasonably ascertainable amount.

¶ 27.  The OLR states that although G.W. did pay a flat fee of $1,800 to Attorney Boyd, Attorney Boyd was able to produce timesheets reflecting 25.2 hours of work which, at a customary hourly rate, "would have surpassed the flat fee that was actually paid." As such, OLR concluded that prosecution for an unreasonable fee was not authorized. The OLR also "took note of the fact that prior to filing the disciplinary complaint [G.W.] had not filed an application for reimbursement with the State Bar of Wisconsin Lawyers' Fund for Client Protection."

¶ 28.  The fact that G.W. did not file an application for reimbursement with the Lawyers' Fund for Client Protection does not determine whether G.W. was entitled to restitution. However, SCR Chapter 12, which governs the Lawyers' Fund for Client Protection, does provide some guidance as to what constitutes a "reimbursable loss." It requires, *inter alia,* that the loss was caused by "the *dishonest* conduct of an attorney . . . " (emphasis added). *See* SCR 12.045(7)(a)(1). Similarly, SCR 21.16(2m) involving discipline for professional misconduct, provides that restitution may be ordered when a client's money or property was *"misappropriated or misapplied . . . "* (emphasis added). *See* SCR 21.16(2m)(a)1. Here, G.W. paid $1,800 for very substandard—indeed incompetent—legal work. While G.W. may have grounds for a civil action against Attorney Boyd, it appears that the $1,800 fee does not meet the criteria the OLR uses to assess whether restitution is reasonable.

¶ 29.  IT IS ORDERED that the license of Joan M. Boyd to practice law in Wisconsin is suspended for a

period of 12 months, to run consecutive to existing disciplinary suspensions already imposed by this court.

¶ 30. IT IS FURTHER ORDERED that to the extent she has not yet done so, Joan M. Boyd shall comply with SCR 22.26 regarding the duties of a person whose license to practice law in Wisconsin has been suspended.

¶ 31. IT IS FURTHER ORDERED that Joan M. Boyd pay restitution plus interest at the legal rate. *See* Wis. Stat. § 138.04. Restitution shall be paid as follows:

A. Client R.R.: $3,000 with legal interest at the rate of 5 percent from November 5, 2005, until paid.

B. Client M.D.: $4,800 with legal interest at the rate of 5 percent from March 28, 2007, until paid.

C. Client B.J.: $1,500 with legal interest at the rate of 5 percent from January 31, 2004, until paid.

If restitution is not paid within 60 days of the date of this order, Joan M. Boyd's license shall remain suspended until further order of the court.

¶ 32. IT IS FURTHER ORDERED that Joan M. Boyd is directed to obtain advance approval of and complete 20 credits of Wisconsin—approved continuing legal education ethics courses prior to seeking reinstatement.

¶ 33. IT IS FURTHER ORDERED that within 90 days of the date of this order Joan M. Boyd pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified and absent a showing to this court of her inability to pay the costs within that time, Joan M. Boyd's license to practice law in Wisconsin shall remain suspended until further order of the court.

701

¶ 34. IT IS FURTHER ORDERED that the restitution is to be completed prior to paying costs to the Office of Lawyer Regulation.

¶ 35. ANN WALSH BRADLEY, J. *(dissenting in part)*. I agree with the imposition of a 12–month suspension and the ordered restitution. I write separately, however, because I would also order restitution in the amount of $1,800 to Attorney Boyd's client, G.W.