# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2012AP1977-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Joan M. Boyd, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>       Complainant,<br>   v.<br>Joan M. Boyd,<br>       Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST BOYD

| | |
|---|---|
| OPINION FILED: | February 21, 2013 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   DISSENTED: | |
|   NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2012AP1977-D

STATE OF WISCONSIN          :          IN SUPREME COURT

In the Matter of Disciplinary Proceedings
Against Joan M. Boyd, Attorney at Law:

Office of Lawyer Regulation,

     Complainant,

  v.

Joan M. Boyd,

     Respondent.

**FILED**

**FEB. 21, 2013**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license revoked.*

¶1   PER CURIAM. Attorney Joan M. Boyd has filed a petition for the consensual revocation of her license to practice law in Wisconsin pursuant to SCR 22.19.[1]   Attorney

---

[1] SCR 22.19 provides as follows:

    (1) An attorney who is the subject of an investigation for possible misconduct or the respondent in a proceeding may file with the supreme

Boyd's petition states that she cannot successfully defend against 28 counts of professional misconduct in eight grievance investigations for which the Preliminary Review Committee (PRC) of the Office of Lawyer Regulation (OLR) has found cause to proceed, as well as multiple additional allegations of misconduct in connection with seven more grievances that have

---

court a petition for the revocation by consent or his or her license to practice law.

(2) The petition shall state that the petitioner cannot successfully defend against the allegations of misconduct.

(3) If a complaint has not been filed, the petition shall be filed in the supreme court and shall include the director's summary of the misconduct allegations being investigated. Within 20 days after the date of filing of the petition, the director shall file in the supreme court a recommendation on the petition. Upon a showing of good cause, the supreme court may extend the time for filing a recommendation.

(4) If a complaint has been filed, the petition shall be filed in the supreme court and served on the director and on the referee to whom the proceeding has been assigned. Within 20 days after the filing of the petition, the director shall file in the supreme court a response in support of or in opposition to the petition and serve a copy on the referee. Upon a showing of good cause, the supreme court may extend the time for filing a response. The referee shall file a report and recommendation on the petition in the supreme court within 30 days after receipt of the director's response.

(5) The supreme court shall grant the petition and revoke the petitioner's license to practice law or deny the petition and remand the matter to the director or to the referee for further proceedings.

not yet been fully investigated by the OLR or brought to the PRC for its consideration.

¶2 Attorney Boyd was admitted to the practice of law in Wisconsin in May 1989. She previously practiced in Shawano and currently resides in Gillett.

¶3 Attorney Boyd has a lengthy disciplinary history, and her license to practice law in this state is currently suspended. Her prior disciplinary matters can be summarized as follows:

- In 2000 Attorney Boyd received a consensual public reprimand for forging her clients' endorsements on the back of a check that was issued by a bankruptcy trustee to the clients and for arranging for the check to be deposited into her checking account. She also misrepresented to the bankruptcy trustee's staff that the clients had endorsed the back of the check. Public Reprimand of Joan M. Boyd, No. 2000-04.

- In 2006 this court publicly reprimanded Attorney Boyd for failing to deposit a fee into her client trust account, commingling personal and client funds in her trust account, failing to provide the legal skill or preparation reasonably necessary to handle a federal civil rights claim, and charging a client an unreasonable fee. In re Disciplinary Proceedings Against Boyd, 2006 WI 28, 289 Wis. 2d 351, 711 N.W.2d 268.

- In 2008 this court suspended Attorney Boyd's license for five months for five counts of professional misconduct in three client matters. In each representation, she failed to provide competent representation. She also failed to act with reasonable diligence and made a misrepresentation to one of the clients. In re Disciplinary Proceedings Against Boyd, 2008 WI 103, 314 Wis. 2d 14, 752 N.W.2d 882.

- In June 2009 this court suspended Attorney Boyd's license for six months for 13 counts of misconduct arising out of five client matters. Her misconduct included, inter alia, failing to provide competent representation, failing to terminate her representation and protect her client's interests, failing to keep her clients reasonably informed about the status of their matters, failing to return unearned fees, failing to deposit a check into her client trust account, and failing to cooperate with an OLR investigation. In re Disciplinary Proceedings Against Boyd, 2009 WI 59, 318 Wis. 2d 281, 767 N.W.2d 226.

- In May 2010 this court suspended Attorney Boyd's license for an additional 12 months, to run consecutive to her prior suspensions. The court found that she had committed 11 counts of professional misconduct arising out of four client matters. The findings of misconduct included, inter alia, failure to act with competence, failure to act with diligence, failure to keep her clients reasonably informed, and charging an unreasonable fee. In re Disciplinary Proceedings Against Boyd, 2010 WI 41, 324 Wis. 2d 688, 782 N.W.2d 718.

¶4 Attached to Attorney Boyd's petition for revocation is a completed but unfiled disciplinary complaint and a summary of the misconduct allegations in the seven other matters that have not yet been fully investigated.

¶5 It is not necessary to describe the particular factual allegations of each representation. Generally speaking, most representations involved Attorney Boyd being retained either to pursue postconviction relief in a criminal case or to pursue debtor relief in a bankruptcy action. Attorney Boyd's misconduct arose out of her actions as an attorney in those representations.

4

¶6    Some summary information regarding the allegations in the unfiled OLR complaint will provide a sufficient description of the nature and scope of her professional misconduct.  Three counts in that complaint allege a failure to provide competent representation, in violation of SCR 20:1.1.[2]  Four counts involve a failure to communicate adequately with the client or to keep the client informed of the status of the matter, in violation of SCR 20:1.4(a) and/or (b).[3]  In five of the eight representations

---

[2] SCR  20:1.1  provides  that  "[a]  lawyer  shall  provide competent representation to a client.  Competent representation requires  the  legal  knowledge,  skill,  thoroughness  and preparation reasonably necessary for the representation."

[3] SCRs 20:1.4(a) and (b) state:  Communication.

(a)  A lawyer shall:

(1)  Promptly  inform  the  client  of  any  decision or  circumstance  with  respect  to  which  the  client's informed  consent,  as  defined  in  SCR  20:1.0(f),  is required by these rules;

(2)  reasonably consult with the client about the means  by  which  the  client's  objectives  are  to  be accomplished;

(3)  keep  the  client  reasonably  informed  about the status of the matter;

(4)  promptly  comply  with  reasonable  requests  by the client for information; and

(5)  consult  with  the  client  about  any  relevant limitation  on  the  lawyer's  conduct  when  the  lawyer knows that the client expects assistance not permitted by the Rules of Professional Conduct or other law.

(b)  A  lawyer  shall  explain  a  matter  to  the extent  reasonably  necessary  to  permit  the  client  to make informed decisions regarding the representation.

5

addressed in the unfiled complaint, the OLR alleges that Attorney Boyd charged an unreasonable or excessive fee, in violation of SCR 20:1.5(a).[4] The unfiled complaint also contains five counts alleging that Attorney Boyd failed to refund advance fees that she had not earned by her work on behalf of the client in violation of SCR 20:1.16(d).[5]

---

[4] SCR 20:1.5(a) provides as follows:

A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

[5] SCR 20:1.16(d) states:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable

¶7    In a number of the representations described in the unfiled complaint, Attorney Boyd had affiliated herself with an entity by the name of the National Legal Professional Association[6] (NLPA).  Either the NLPA initially was retained by the client and then convinced the client to hire Attorney Boyd as local counsel, or Attorney Boyd was retained by the client and convinced the client to retain the NLPA to do research and prepare documents.  According to the unfiled complaint, the NLPA is an organization located in Cincinnati, Ohio, that is operated by a permanently disbarred Ohio attorney, Hugh Wesley Robinson.  Despite Mr. Robinson's disbarred status, the NLPA apparently promotes itself as providing legal consulting and research assistance to lawyers throughout the United States.  In several of the matters described in the complaint, the OLR alleges that the NLPA prepared postconviction motions or appellate documents and then Attorney Boyd filed them under her signature.  The complaint alleges that at least some of these filings were generic (i.e., not tailored to the particular case) and that they were denied by the particular courts as being legally

---

to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

[6] According to the firm's web site, the correct firm name is National Legal Professional Associates.

7

insufficient. Because neither the NLPA nor Mr. Robinson are licensed to practice law in Wisconsin, the unfiled complaint contains six separate counts alleging that Attorney Boyd assisted Mr. Robinson and the NLPA to engage in the unauthorized practice of law in this state. SCR 20:5.5(b)[7] and SCRs 20:8.4(a) and (b).[8]

¶8    In addition to the misconduct allegations in the OLR's unfiled complaint, for which the PRC has found cause to proceed, the OLR's summary of pending investigations briefly describes seven more representations in which the OLR is investigating additional alleged violations of the Rules of Professional Conduct for Attorneys. Those summaries describe allegations of professional misconduct that are similar to the allegations of misconduct described in the unfiled complaint, including failure

---

[7] SCR 20:5.5(b) states:

A lawyer who is not admitted to practice in this jurisdiction shall not:

(1) except as authorized by this rule or other law, establish an office or maintain a systematic and continuous presence in this jurisdiction for the practice of law; or

(2) hold out to the public or otherwise represent that the lawyer is admitted to the practice of law in this jurisdiction.

[8] SCRs 20:8.4(a) and (b) state it is professional misconduct for a lawyer to "(a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another"; and "(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects . . . ."

to provide competent representation, failure to communicate with clients, charging an excessive and unreasonable fee, and failing to refund unearned fees.

¶9 Attorney Boyd's petition for consensual revocation states that she cannot successfully defend herself against the allegations of professional misconduct set forth in both the OLR's unfiled complaint and its summary of the matters still in the investigative process. Her petition asserts that she is seeking consensual revocation freely, voluntarily, and knowingly. Attorney Boyd states that she understands she is giving up her right to contest the OLR's allegations and to have a public hearing at which she could present evidence in her defense. She further acknowledges that she has been given the opportunity to consult with counsel and that she has declined to do so.

¶10 The OLR's unfiled complaint also contains a restitution request. It states that the Wisconsin Lawyers' Fund for Client Protection (the Fund) has paid $16,299 to four of Attorney Boyd's former clients (W.Z., W.N., J.M., and A.L.), and it requests that Attorney Boyd be ordered to pay restitution to the Fund in that amount. It also requests that Attorney Boyd be ordered to pay restitution in the amount of $7,500 to former client E.P. Attorney Boyd's petition states that she agrees that she should be ordered to pay these restitution amounts.

¶11 Having reviewed Attorney Boyd's petition, the OLR's unfiled complaint, the OLR's summary of the matters still being investigated or placed on hold, and the OLR's report and

9

recommendation in support of the petition, we conclude that the petition for consensual revocation should be granted. It is clear from the descriptions of the various representations that Attorney Boyd has engaged in a pattern of serious professional misconduct that has harmed her clients and that she is currently unwilling or unable to conform her conduct to the standards that are required to practice law in this state.

¶12 In light of the OLR's report and Attorney Boyd's agreement, we further determine that Attorney Boyd should be required to pay $23,799 in restitution to the Fund and to former client E.P.

¶13 IT IS ORDERED that the petition for consensual license revocation is granted.

¶14 IT IS FURTHER ORDERED that the license of Joan M. Boyd to practice law in Wisconsin is revoked, effective the date of this order.

¶15 IT IS FURTHER ORDERED that within 60 days of the date of this order Joan M. Boyd shall pay restitution in the amount of $16,299 to the Wisconsin Lawyers' Fund for Client Protection ($5,000 for former client W.Z.; $2,299 for former client W.N.; $8,100 for former client J.M.; and $900 for former client A.L.) and in the amount of $7,500 to former client E.P.

¶16 IT IS FURTHER ORDERED that, to the extent she has not already done so, Joan M. Boyd shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.

10